[Civ. No. 3502.  Fourth Dist.  Apr. 15, 1946.]

W. D. GOODRICH et al., Appellants, v. CITY OF FRESNO et al., Respondents.

Clarence E. Todd and Gordon W. Mallatratt for Appellants.

C. M. Ozias, Philip Conley and Conley, Conley & Conley for Respondents.

BARNARD, P. J.—This is an appeal from a judgment denying, as to each of the petitioners, the issuance of a peremptory writ of mandate. In these actions, which were consolidated for trial, three employees of the city of Fresno sought to compel the respondents to reclassify them and to approve and pay their demands for additional wages. The actions are based on the theory that the respondents, through improper classification of the employees, have evaded and violated section 85 of the city charter, which reads:

"Sec. 85. Other Salaries and Wages Fixed by other officers or employees of the city, except where this charter provides that no salaries shall be paid, shall be fixed by the City Commission and may be readjusted by the City Commission whenever in its judgment such readjustment is necessary; provided, however, that city employees skilled or unskilled shall be paid not less than the prevailing wage paid in private employment in said city in the trade in which such employees work, where there are workers in private employment in such trade, and the city shall not require its employees to work longer hours for the same wage than workers in private employment in said city work for such wage in the same trade."

Another section of the charter requires the civil service board to classify the employees of the city in accordance with the duties to be performed. This was done and the classifications thus made were used in fixing the wages and salaries paid. The petitioners contend that they were wrongfully and arbitrarily classified, as a result of which they have been receiving less than the prevailing wage paid in private em-

ployment in the city in the trades in which they are working.

Briefly stated, the petitions allege that the members of the civil service board have wrongfully and arbitrarily classified the employees in categories incorrectly referring to and describing the work done by them; that the city commission has, pursuant to such classification, wrongfully and arbitrarily fixed and paid wages which are substantially less than the prevailing wage paid in private employment within the city in the respective trades in which these workers are engaged; and that this has resulted in these employees being required to work longer hours for the same wage than workers in private employment. Goodrich alleges that he has been doing the work of a "teamster" but has been classified as a "refuse collector"; that his wage is $177.50 a month based on a 48-hour week; that under the prevailing wage he is entitled to receive $1.17 per hour for a 40-hour week, with time and one-half for overtime; and that there is now due to him the difference between said prevailing wage and the amount he has been actually paid. The allegations of the other petitions are substantially the same except for differences in classification, work claimed to be done and amounts of additional wages claimed to be due. Jefford sought to be reclassified as a "journeyman, machinist and welder" instead of as a "machinist, mechanic," and Pretzer to be reclassified as an "engineer" instead of an "equipment operator."

In their returns and answers the respondents denied that the petitioners have been wrongfully or arbitrarily classified; that they have not been properly paid in accordance with the charter provision; that the prevailing wage was as alleged in the petitions; that the petitioners were entitled to any further wage or compensation; and that the petitioners have been required to work longer hours for the same wage than workers in private employment. In the Goodrich case it was alleged that he was employed in October, 1934, as a "laborer" in the waste disposal department; that he was given civil service status in 1941; that in that year a revised classification of said employees was adopted after a full investigation and hearing and with an opportunity to the petitioners to be heard; that this petitioner's classification was then changed from "laborer" to "refuse collector"; that since that time he has been thus classified; that no classification as "teamster" exists in those made and adopted by the city; that

there are no workers in private employment in the city engaged in the trade or employment of refuse collector; and that the wage now paid to the petitioner is $177.50 per month based on a 48-hour week, together with a bonus of $12.50 a month for the fiscal year 1943-44, and with a right to an annual vacation of fifteen days on full pay, sick leave and sick benefits on full pay, pension benefits and continuous employment by reason of civil service. In separate defenses, it was alleged that the petitioner's classification as refuse collector was made after full and careful consideration of the duties and requirements of the position and after a full and complete hearing; that the petitioner made no objection to said classification and has continued to work thereunder; that the total pay and benefits received by the petitioner exceed the prevailing wage paid in private employment in the city in similar trades or positions; that with the knowledge of the petitioner the city has each year prepared its budget in part upon the amount thus to be paid to the petitioner; and that the petitioner is estopped from making any further claims against the city in this behalf. Similar answers and returns were filed in the other two cases.

The court found in all respects in favor of the respondents. Among other things, it was found that it is not true that any of the employees have been wrongfully or arbitrarily classified and that it is not true that any of the petitioners have been paid less than the prevailing wage in private employment, as referred to in the charter. With respect to each petitioner it was found that he was not entitled to receive a certain amount per hour and that there was nothing due him other than what had already been paid; that no demand had previously been made for a change in classification or for the payment of any additional amount; that it was not true that there was sufficient money in the hands of the respondents set apart for the payment of such demands; and that the allegations of most of the special defenses are true. The conclusions of law were to a similar effect. Judgment was entered accordingly and this appeal followed.

There is some discussion in the briefs as to whether the remedy of mandamus was available to the appellants in such a case as this. The respondents argue that it was not, citing certain cases where it has been held inapplicable in actions to collect salaries or wages but where reinstatement was not

sought. It may be noted that there was some difference here in that a reclassification was sought. However, it is unnecessary to decide this question under our views with respect to the other points raised.

It may be conceded, as argued by the appellants, that section 85 of the Fresno Charter is clear, definite and enforceable, that a prevailing wage statute should be liberally construed in favor of the worker, and that the city officials have no discretion or right to pay these employees less than the prevailing wage referred to in the charter provision. On the other hand, the city officials have a certain discretion in the matter of classifying city employees and assigning certain duties to them as required by another charter provision. The provisions of section 85 are directly related to the trade in which the employee is actually working and not merely to some trade in which he may happen to be skilled. ■ In comparing wages paid in city service and in private employment a comparison of the work actually done is essential. And the highest-paid type of work within a trade may not be arbitrarily taken as the standard unless the work actually done by the city employee comes not only within the trade but within that type. Moreover, the charter provision refers to the prevailing wage paid in private employment and not to the prevailing rates of wages per hour. The monthly wage paid by the city cannot fairly be compared with hourly wages paid in private employment in the absence of all facts except the rate per hour where employment is on an hourly basis. No attempt was here made to prove that those engaged in the private employment relied on worked full time, what proportion of the time they did work, the average amount they earned in a month, or any other facts upon which any comparison could fairly be based.

■ One of appellants' main contentions is that the prevailing wage provision of section 85 impliedly makes it the duty of the city commission to ascertain the exact amount of the prevailing wage in the corresponding trades in private employment within the city, and that no attempt was made to do so. The Fresno Charter contains no provisions specifying the manner in which this fact is to be ascertained. It appears, however, that a considerable effort was made to classify the employees of the city fairly and to conform with the charter provision with respect to the prevailing wage. In 1940 an expert was employed and a rather extensive investi-

gation was made as to the general facts with respect to classifications and wages. A description of the work in which they were engaged was secured from the employees of the city over their own signatures, letters were sent to them advising them of public hearings and inviting suggestions or criticisms with respect to their proposed classifications, letters were sent to union officials inviting them to be present at the hearings, and classifications were adopted after full hearings and consideration of all the views expressed. There was also evidence of some effort on the part of the individual officials of the city to ascertain the wages prevailing in private employment, of some knowledge on their part in this connection, and of their endeavor to comply with this provision of the charter. It appears that in fixing these classifications the civil service board acted fairly, after notice and public hearings, and it cannot be said that any violation of the charter provision appears in this regard. Moreover, the essential question is whether or not the prevailing wage provision of the charter was complied with and not as to the manner in which the result was arrived at.  ▉  The burden of proof was on the appellants and the controlling question here is whether or not the evidence sustains the findings and conclusions to the effect that the appellants have been paid the prevailing wage as required by the charter provision.

Aside from the failure of proof on the part of the appellants with respect to the total amounts paid per month in private employment under the hourly rate of wages for time actually worked, and aside from the benefits enjoyed by the city employees through civil service status and liberal pensions, with full pay whether they worked or not, with full pay on holidays when they do not work, with annual vacations on pay, with fifteen days sick leave each year on full pay and the right to cumulate this from year to year to a maximum of seventy-five days, and with full pay in the event of an industrial accident instead of the smaller amount allowed in industrial accident cases, we think the evidence, with respect to the amounts actually paid, supports the findings and judgment.

▉ The appellant Goodrich alleged in his petition that he is a "teamster," but testified that he is a "dump truck driver." He is classified and paid as a "refuse collector." He and another man collect garbage with a one and one-half ton Chevrolet truck, hauling eleven cubic yards of garbage

when filled. These are not dump trucks but the contents are unloaded by a movable diaphram and are unloaded by other employees at the sanitary fill. A regular route is followed, picking up garbage at various homes and the loads are taken to the sanitary fill about three miles from the center of town. About three trips a day are made, there are frequent stops and a large part of the time of the men is spent in getting the garbage from the houses and emptying it into the truck. There is evidence that Goodrich received $190 per month and $200 per month, respectively, during the preceding two years. On an hourly basis this figured $.976 per hour and $1.027 per hour, respectively. If we disregard the testimony of witnesses as to the smaller wages paid, both on a monthly and hourly basis, by private employers in the city for delivering milk, for van and storage work, for general trucking work, for delivering ice, for handling freight, for delivering express and for driving passenger buses, all of which are objected to by appellants as dissimilar to the work here in question, the fact remains that there are no refuse collectors in private employment in the city. This appellant relies on the testimony of one witness to the effect that two rock and gravel companies, operating mostly without the city and in heavy construction work, employ actual "dump truck drivers" who are paid $1.17 per hour for operating trucks of eleven cubic yards capacity. However, these were real dump trucks used in heavy construction work, were operated and unloaded by the truck drivers themselves, and the evidence demonstrates that the work done by these truck drivers was entirely dissimilar to that done by Goodrich. Moreover, there was the testimony of one of the employers of these dump truck drivers that the wages for such dump truck drivers, driving trucks of eleven cubic yards capacity, was 90 cents an hour and that the drivers were paid only for the hours in which they worked. The driving of a small truck as an incidental part of some more general employment does not necessarily establish the driver as working in the trade of a "truck driver," much less as being in the highest-paid class of those working exclusively as truck drivers. It clearly appears that the appellant Goodrich has not brought himself within the special classification which he here claims (*Leftridge* v. *City of Sacramento*, 59 Cal.App.2d 516 [139 P.2d 112]), and it cannot be held that the evidence is not sufficient to support the finding that he is not entitled to the relief asked.

■ The petitioner Jefford, who is classified as a "machinist, mechanic," claims that he has been doing the work of a "journeyman, machinist and welder." As we understand his counsel there is no practical difference between these classifications. He worked in the fire department and was paid $200 per month in 1943 and $225 per month in 1944. If this was reduced to an hourly basis he was paid $1.226 per hour in 1943 and $1.283 per hour in 1944. There is evidence that he put in much of his time in making inspections and in caring for and repairing automotive equipment and repairing hydrants and the like. There is evidence that machinists in two industries in private employment received $200 a month and machinists in various other industries received from $1.05 to $1.15 per hour, and in the case of one employer $1.20 to $1.25 per hour. No discrimination appears here and the court's findings are sufficiently supported.

■ The petitioner Pretzer, who was classified as an "equipment operator" seeks to be reclassified as an "engineer." He works in the street department. For about ten months of the year he operates a light grader and during the other two months he is engaged in cleaning gutters, sweeping leaves or doing light repair jobs. At times he drives a truck or helps on a truck. The grader he uses is too light for heavy street work but is used in connection with oiling the streets and light grading. He was paid $205 a month in 1943, $220 in 1944 and at the time of the trial was receiving $230 a month. On an hourly basis, for the fiscal year 1943-44, he received $1.254 per hour and for 1944-45, $1.311 per hour. Petitioners introduced evidence that two men working for a private contracting firm, only a small part of whose work was done in Fresno and who operated all kinds of heavy road-making equipment, including rollers and bulldozers, were paid $1.62 per hour but were only paid for actual working time, with no vacation on pay. Not only was the type of work done by these men in private employment quite different and mostly outside of the city of Fresno, but there was no attempt to show the percentage of the time that the men in private employment worked or their average earnings during a month in order to furnish any fair comparison. So far as indicated by the record it would do this petitioner a great disservice to require him to be paid on the same basis as the two men in private employment, on whose testimony he relies. The evidence, as a whole, fairly sustains the court's findings.

■ The appellants complain that no findings were made as to the exact cash value of the extra benefits received by these city employees through continuous employment, pensions, pay while sick, pay while on vacation, pay on holidays and the like. While this value appears to be considerable, a finding thereon was unnecessary since the evidence is not sufficient to show the discrimination claimed even if this element is omitted from consideration.

■ Complaint is made that the court erred in sustaining an objection to the testimony of two witnesses. The objection was sustained on the ground that their testimony was not proper rebuttal and no request was made for leave to reopen petitioner's case and put the testimony in as a part thereof. Neither error nor prejudice appears.

■ It is next contended that the court failed to find upon a material issue in that it failed to find what was the amount of the prevailing wage in private employment in the city of Fresno in the trades in which the appellants were engaged. Complaint is also made of the fact that some of the findings with respect to the respective petitioners, in finding that the amounts paid to them were not less than the amount of the corresponding prevailing wage in private industry, referred also to the extra benefits each received as a city employee. Not only were these findings sufficient in themselves, but in another finding it was found that the compensation paid to each of the petitioners has been in conformity with the provisions of section 85 of the charter and that there is not due to any of them any sum of money whatsoever. The ultimate facts were found and the findings, as a whole, are sufficient to sustain the judgment.

It rather clearly appears that the appellants failed to meet the burden resting upon them to show a discrimination in the respect of which they complain, and that they failed to present the evidence which would be necessary for a fair comparison. While the evidence indicates that the city would save money by paying these employees on an hourly basis, it fails to show either a violation of the charter provision or that they would be as well off in private employment in either the same or a similar kind of work.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 6, 1946. Carter, J., voted for a hearing.