TRUEMAN JENNINGS, Appellant, v. STRATHMORE
PUBLIC UTILITY DISTRICT (a Corporation) et al.,
Respondents.

P. H. McCarthy, Jr., F. Nason O'Hara and Herbert S.
Johnson for Appellant.

Leroy McCormick and Robert E. Moock for Respondents.

GRIFFIN, Acting P. J.—Action for injunction and to de-
clare certain contracts void.  Plaintiff and appellant brought
this action against the Strathmore Public Utility District
(hereinafter referred to as the district) and two contractors,
Alton B. Carter and Valley Trenching Company, wherein
the plaintiff seeks an injunction restraining the further con-
struction of a sewage disposal plant and distribution lines for
the district and asks that two contracts for the construction
of a sewer system be declared void.

Plaintiff alleged that he was a "citizen resident" of the
district and one of a class of workmen eligible for employ-
ment on such a contract; that he brought this action as such,
in his own behalf and on behalf of all other persons similarly

situated in said district. The complaint is that, in letting the contracts mentioned, the district acted arbitrarily, capriciously, unfairly, in bad faith, and for the purpose of evading the requirements of the Labor Code, in that, without independent investigation, it pretended to determine a prevailing wage rate (incorporated in the contracts in question) which was in fact substantially below the general wage rate for work of the same character in the same locality.

The issue before the trial court came to it based on the district's motion to dismiss plaintiff's order to show cause why a preliminary injunction should not issue, and on a motion to dismiss the action. Defendant Carter was not served with process previous to the hearing. The action was dismissed against defendant Valley Trenching Company by stipulation. The only remaining defendant was the district. The issues raised by the motions were (1) Whether the remedies set forth in the Labor Code (§ 1781) were exclusive; and (2) Whether plaintiff, not being a taxpayer, had sufficient interest in the subject matter to entitle him to maintain the action. After hearing affidavits presented at the hearing and after arguments, the trial court granted the motions. Plaintiff appeals from the judgment of dismissal that followed.

Since the appeal was perfected, defendant district, by uncontradicted affidavits filed with this court, shows that the work, which was in the process of completion at the time of trial, has in fact been fully completed, all contractors and workmen have been paid in full, and notice of completion (copies of which were attached to the affidavit) were filed and recorded in June, 1950. Defendant's motion to *dismiss the appeal,* then made in this court, claiming that the questions presented have become moot, was submitted, together with the appeal from the order.

It becomes immediately apparent that the trial court, at this time, would be precluded from ''enjoining'' or ''restraining'' the defendant from proceeding with the work, since the work has been completed. This particular issue has become moot. (*McKenna* v. *McCardle,* 97 Cal.App.2d 304 [217 P.2d 433]; *Stockwell* v. *McAlvey,* 117 Cal.App. 583 [4 P.2d 167].) Plaintiff does not contend otherwise as to the request for a restraining order, but argues that the question of the invalidity of the two contracts is still in issue and the order dismissing the appeal, under these circumstances, was error, citing *Honan* v. *Title Insurance & Trust Co.,* 9 Cal.App.2d 675 [50 P.2d 1068]. Whether the question

of the invalidity of the two contracts is now merely academic or whether the action, if remanded, would be maintainable by the plaintiff under the pleadings and showing made, is therefore before us.

At the hearing it was shown that plaintiff's name was not on the great register of that county as a voter nor was it on the assessment roll as a taxpayer.

As against the contractors and subcontractors not parties to this action, a declaration that the contracts were void would not afford plaintiff any relief against them. These exclusive penalties and remedies are set forth in section 1781 of the Labor Code.

Under section 1777 thereof any officer, agent or representative of the state or of any political subdivision thereof, who wilfully violates the provisions of the article pertaining to the fixing of prevailing wage rates set forth in the Labor Code, is guilty of a misdemeanor.

In the instant action, it is conceded that a prevailing wage rate was declared by the district awarding the contract and such rate was specified in the call for bids and also in the contract itself. The only contention is that the rate fixed was not in fact the prevailing wage rate for certain classes or types of labor and that the district arbitrarily fixed them. Section 1770 of the Labor Code provides that the body's decision in the matter of fixing those rates shall be final. In the case of *Metropolitan Water District* v. *Whitsett,* 215 Cal. 400, 419 [10 P.2d 751], it is stated, however, that this finality "does not mean that the action of the board may be arbitrary or capricious, but the proper administration of the statute will be presumed." (See, also, *Leftridge* v. *City of Sacramento,* 59 Cal.App.2d 516, 524 [139 P.2d 112].) Certain cases indicate that upon application by a party in interest, upon a proper showing and at a proper time that the action of the rate fixing body was arbitrary, its action may be reviewed. (*Denver Building & Construction Trades Council* v. *Vail,* 103 Colo. 364 [86 P.2d 267]; *Leftridge* v. *City of Sacramento, supra,* page 526; *Goodrich* v. *City of Fresno,* 74 Cal.App.2d 31 [167 P.2d 784].)

The record shows that the board did adopt a wage scale in July, 1949. Notice to bidders was published showing the wage scale. There is no allegation that these contractors knew or had reason to believe that the prevailing wage scale thus adopted was not in fact the true prevailing scale. The main contract containing the prevailing wage declaration was apparently let to the contractors in August, 1949, and

they, in good faith, submitted bids, based upon that declaration. It was not until December 6, 1949, that plaintiff attempted to question the good faith of the district in fixing the prevailing wage scale at a time when the work was nearing its completion.

It is the rule that one cannot sit idly by and let matters take a course whereby third parties become injured and then make his complaint. (*People* v. *Ocean Shore Railroad, Inc.*, 32 Cal.2d 406 [196 P.2d 570, 6 L.R.A.2d 1179]; 10 Cal. Jur. p. 631, § 16.)

If plaintiff could maintain such an action because he did not like the prevailing wage scale fixed, after the work was nearly done, then any claimed "citizen resident" could, at any time, without limitation, bring an action to declare such contracts void. Furthermore, there is a possibility that only the wages of one craft might be questioned and that only for some small amount. If the prevailing wage scale is subject to review by the courts, under all conditions, and if a court should happen to determine that a public body was in error on any one small item, it could invalidate a contract irrespective of size and regardless of time, in the absence of a showing of arbitrary or capricious judgment on the part of such public body. We do not believe that the Legislature ever intended any such effect to be given to the prevailing wage scale statutes. Plaintiff never was a workman for defendant district or either contractor. He claims his right of action by virtue of being a "resident citizen" and entitled to be employed on such public works. He seeks no pecuniary judgment by reason of the action of the defendant, either in his own behalf or on behalf of the workmen he claims to represent. If the trial court might determine, after a hearing of the evidence, that the contracts were void for the reason that the district acted arbitrarily, it does not appear that plaintiff was injured to the extent whereby he could recover any relief under the prayer of the complaint.

We conclude that a decision as to the validity of the contracts, at this time, after the work has been completed and after the payments have been made and where no relief, under the complaint could be afforded plaintiff, would be purely academic and would serve no useful purpose.

Motion to dismiss appeal on ground issues presented on appeal have become moot granted.

Mussell, J., concurred.