[Civ. No. 4251. Fourth Dist. Mar. 15, 1951.]

CIVIL SERVICE COMMISSION OF THE COUNTY OF SAN DIEGO et al., Petitioners, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent.

James Don Keller, District Attorney, Carroll H. Smith and Robert G. Berrey, Deputies District Attorney, for Petitioners.

Walter Wencke for Respondent.

BARNARD, P. J.—This is an application for a writ prohibiting the respondent court from proceeding with the trial of a certain action, an order to show cause having been issued.

The action in question was brought by eight employees of San Diego County, for themselves and as representing all employees in eight classifications, based on the contention that the board of supervisors had fixed salaries in these classifications for the year 1950-1951 too low and in violation of section 40 of the county charter, which reads as follows:

"Section 40. In fixing compensation the Board of Supervisors shall at least annually, by ordinance, provide in each instance for the payment of not less than the prevailing or general current rate of compensation or wages paid by private employers in the County of San Diego for similar quality or quantity of service, in case such prevailing compensation or wages can be ascertained."

Section 79(a) of this charter requires the civil service commission to classify all positions based on the respective duties and for the purpose of fixing salaries, its report to be submitted to and approved by the board of supervisors in its annual appropriation ordinance, and further provides that this classification must be considered by the board at two meetings held at least 30 days apart.

The action was for declaratory relief and for a writ of mandate. The first cause of action alleged that the plaintiffs were entitled to have their pay fixed in accordance with section 40 of the charter; that the board ignored this section in fixing such compensation; and that the prevailing wages in these classifications were those established by the respective unions to which the plaintiffs belonged. A second cause of action alleged that the rates adopted by the board in 1949 for certain public works, under sections 1770 and 1773 of the Labor Code, were binding on the board in fixing the compensation here in question. A third cause of action alleged that the board, in adopting the salary ordinance, was bound to apply new rates established by the unions after the civil service commission had made its classification report. A fourth cause of action alleged that section 40 applies as a basic rate when an employee begins work for the county, and that any other privileges or benefits later accruing to him may not be considered in determining whether section 40 of the charter has been properly applied. The prayer was for a declaration of rights in accordance with the allegations of the complaint, and for a writ of mandate compelling the board to fix the compensation in these classifications in accordance with the allegations of the complaint, and to make these rates retroactive to the date of the adoption of the salary ordinance.

An answer was filed alleging, among other things, that before filing its classification report for 1950-1951 the civil service commission had held numerous public hearings and had afforded the plaintiffs an opportunity to be heard; that the plaintiffs had failed to appear or to protest; that after the plan was filed with the board the board held two hearings thereon affording the plaintiffs an ample opportunity to be heard; that the plaintiffs failed to appear or to protest; that after said salaries were fixed the plaintiffs had had ample opportunity to appear before the commission and the board which could have given them any relief to which they were entitled, but had failed to do so; and that the plaintiffs have failed to exhaust their administrative remedies.

The commission and the board joined in this application for a writ of prohibition. In support thereof, it is contended that the court has no jurisdiction to try the issues raised because the plaintiffs have not exhausted their administrative remedies; because they have filed no claims with the board; because the remedy sought amounts to an unconstitutional attempt to cause the judicial branch of the government to usurp and exercise the legislative functions vested by law in the board of supervisors; and because a trial of the action would compel the civil service commission, in connection with the defense made by the board of supervisors, to reveal data and material used in making its report which is confidential in nature, and which was obtained on the promise that it would be kept confidential.

On behalf of the respondent it is contended that the court has jurisdiction to interpret the county charter; that this is the main purpose of the action, the mandate portion thereof being merely incidental; that any classifications of the civil service commission are irrelevant and immaterial "in a proceeding against the Board of Supervisors for the prevailing wage"; that the administrative remedies were exhausted and, in any event, any further effort to get relief from the supervisors would have been futile; that since the suit is against the supervisors and not against the county it was not necessary to present claims to the board; that the issue as to privileged civil service material is not relevant to the last three counts of the complaint; that these petitioners are not the real parties in interest since only the county could act in paying the proper salaries; and that there is a speedy and adequate remedy at law.

We are unable to hold that the court has no jurisdiction to try any of the issues raised. The plaintiffs may be entitled to some interpretation of the charter provisions, and some relief by way of mandate may be proper. While the charter provisions must be complied with, considerable discretion remains with the board of supervisors with respect to similarity of work and various conditions. (*Goodrich* v. *City of Fresno*, 74 Cal.App.2d 31 [167 P.2d 784].) While the board may be compelled to comply with the charter it may not be compelled to act in a particular way, especially in disregard of other elements in the charter provisions. While the complaint seems to go too far, in disregard of the clear intent of the charter provisions calling for the consideration of different elements and for the refixing of compensation at

least once a year, and while the allegations and prayer of the complaint leave many things out of consideration, in attempting to set up a fixed standard of compensation and to omit subsequent benefits from consideration, it cannot be said that no issues are raised which are within the jurisdiction of the court. If it should be determined that the board did not take the proper steps in order to comply with section 40, it could be ordered to do so. However, it is not to be assumed that the court would usurp the functions of the board and proceed to fix the compensation in question, or that it would do so on the sort of prima facie showing here contended for by the plaintiffs. It is not to be assumed that the court will go beyond the issues properly raised and, so far as disclosed by the record before us, it would seem unlikely that the petitioners will find it necessary to disclose any confidential information.

The order to show cause is discharged and the application for writ of prohibition is denied.

Griffin, J., and Mussell, J., concurred.