Filed 2/26/24  Malaga County Water Dist. v. Central Valley Regional Water Quality Control Bd. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MALAGA COUNTY WATER DISTRICT,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CENTRAL VALLEY REGIONAL WATER QUALITY CONTROL BOARD et al.,<br><br>Defendants and Respondents. | F084854<br><br>(Super. Ct. No. MCV071279)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Madera County.  Michael J. Jurkovich, Judge.

Costanzo & Associates and Neal E. Costanzo for Plaintiff and Appellant.

Rob Bonta, Attorney General, Michael P. Cayaban and Joshua M. Caplan, Deputy Attorneys General, for Defendants and Respondents.

-ooOoo-

In a prior incarnation of this case between Malaga County Water District (Malaga) and the Central Valley Regional Water Quality Control Board (Water Quality Board), this court chose not to resolve whether this case was moot and instead exercised its discretion to resolve issues of broad public interest that are likely to recur—namely, whether the Water Quality Board improperly delegated authority to its executive officer.[1] The case was ultimately remanded to the trial court to consider the mootness issue. The trial court found the matter moot because the disputed permit underlying the lawsuit had expired. In this appeal, Malaga contends the trial court erred. For the reasons set forth below, we disagree. The case is moot.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

The core facts underlying this lawsuit have not changed since our prior opinion in *Malaga I*. We therefore begin with a summary of our prior factual recitation for relevant background before providing additional information regarding actions taken after remand.

Malaga owns and operates a wastewater treatment facility in Fresno County. Malaga's discharge of treated wastewater is legally governed by both California and federal laws. The Water Quality Board is the entity tasked with permitting and regulating Malaga's activities under both legal frameworks.

Between 2008 and 2013, Malaga's activities were regulated under order No. R5-2008-0033, adopted by the Water Quality Board renewing Malaga's waste discharge requirements (the requirements imposed by California law) for its National Pollutant Discharge Elimination System (NPDES) permit No. CA0084239 (the permit required

---

[1]  *Malaga County Water Dist. v. Central Valley Regional Water Quality Control Bd.* (2020) 58 Cal.App.5th 396 (*Malaga I*).

[2]  Malaga requests this court take judicial notice of an order granting a petition for writ of administrative mandamus in *Malaga County Water District v. Central Valley Regional Water Quality Control Board* (Super. Ct. Fresno County, 2021, No. 16CECG03036), a separate case between the parties. With no objection, the court takes judicial notice of this court record.

under federal law). The waste discharge requirements and permit were enforced, as is normally the case, with a separate cease and desist order. We refer to these documents as "the 2008 permit" for ease of reference.

Relevant permits are required to be renewed every five years. Thus, in 2014, the Water Quality Board issued renewed waste discharge requirements, a new NPDES permit, and an updated cease and desist order, which we refer to as "the 2014 permit." The 2014 permit set the permitted discharge rate into certain disposal ponds at 0.49 million gallons per day (mgd) but allowed an increase in the permitted discharge rate up to 0.85 mgd, subject to the approval of the Water Quality Board's executive officer.

Malaga filed a petition for review with the State Water Resources Control Board and, later, filed a writ of mandate action alleging the permit included an improper delegation of authority. The trial court concluded the 2014 permit granted Malaga all the relief it had requested and declared the action moot. This ruling led to the prior appeal in *Malaga I*.

While that appeal was pending, the 2014 permit expired. On February 20, 2020, the Water Quality Board issued Malaga a new waste discharge requirement permit. The 2020 permit alleged Malaga no longer discharged wastewater into a specific canal, which eliminated the need for a federal NPDES permit, and thus purported to only comprise a state waste discharge requirement permit. The 2020 permit purported to permit a discharge to on-site disposal ponds that "shall not exceed a monthly average flow of 0.85 mgd." (*Malaga I*, *supra*, 58 Cal.App.5th at p. 406.)

In the prior litigation, a dispute arose regarding whether the expiration of the 2014 permit and the implementation of the 2020 permit mooted the case. This court determined that the delegation of authority contained in the 2014 permit was an issue of broad public interest, which may evade review if mootness is strictly enforced. We exercised our discretion to hear the matter even if moot but expressly left "open any

3.

factual disputes regarding mootness, leaving them to the trial court upon remand given that our resolution means the court will also be faced with additional claims previously raised by Malaga that it chose not to reach upon concluding the 2014 permit did not include an improper delegation of authority." (*Malaga I*, *supra*, 58 Cal.App.5th at p. 409.) We then concluded that the delegation of authority had been improper and remanded the matter to the trial court. (*Id*. at pp. 416–417.)

Upon remand, the parties again clashed over whether the case was moot. In addition, Malaga both renewed arguments that had not been considered prior to the last appeal concerning alleged flaws in the 2014 permit and challenged rulings regarding the scope of the record that had previously been decided. The parties filed multiple rounds of briefing concerning mootness and the scope of review on remand. The trial court eventually held a hearing and issued a tentative ruling, to which Malaga filed objections. The trial court overruled these objections and adopted its tentative ruling as its statement of decision.

In line with its ruling, the trial court denied Malaga's writ petition. After extensive discussion, the court concluded the action was moot "because the 2014 Permit and [cease and desist order] expired on their own terms, and were superseded by the 2020 Permit." The court then discussed several other merits-based issues that had been raised by Malaga and explained, "To allow the parties the full benefit of arguing any remaining issues on the merits, the court will briefly consider the merits of the other issues raised in the parties' briefs and at oral argument." In addition, the court concluded it would not review its prior ruling regarding the scope of the administrative record because that ruling had issued before the prior appeal and had not been raised in those appellate proceedings.

This appeal timely followed.

4.

## DISCUSSION

### *Standard of Review and Applicable Law*

" 'California courts will decide only justiciable controversies. [Citations.] The concept of justiciability is a tenet of common law jurisprudence and embodies "[t]he principle that courts will not entertain an action which is not founded on an actual controversy .…" [Citations.] Justiciability thus "involves the intertwined criteria of ripeness and standing. A controversy is 'ripe' when it has reached, but has not passed, the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made." [Citation.] But "ripeness is not a static state" [citation], and a case that presents a true controversy at its inception becomes moot " 'if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character.' " ' [Citation.]

" 'The pivotal question in determining if a case is moot is therefore whether the court can grant the plaintiff any effectual relief. [Citations.] If events have made such relief impracticable, the controversy has become "overripe" and is therefore moot.' [Citation.] By the same token, an appeal is moot if ' "the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief." ' " (*Lockaway Storage v. County of Alameda* (2013) 216 Cal.App.4th 161, 174–175, sixth & eighth bracketed insertions added.) "For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*In re D.P.* (2023) 14 Cal.5th 266, 276.)

We review mootness questions de novo. (*In re D.P.*, *supra*, 14 Cal.5th at p. 276.)

### *The 2014 Permit's Expiration Mooted the Case*

Malaga's underlying writ petition sought the specific relief of enjoining implementation of the 2014 permit and allowing Malaga to operate under the 2008 permit until a new NPDES permit was issued. In 2020, a new permit issued that granted Malaga

the discharge flow necessary to operate but concluded no new NPDES permit was required. Malaga conceded before the trial court that this would normally make the case moot. However, in this instance Malaga asserts the Water Quality Board's actions in enforcing the 2008 permit and the threat of future litigation mean this case does not fall within the normal result.

Malaga first points to the fact that the administrative record from the 2014 permit—or at least documents currently included in that record, a point of dispute in Malaga's eyes—were submitted in proceedings to enforce the 2008 permit. These documents, identified as "Attachment F" and the findings included with the 2014 cease and desist order, allegedly support continuing the writ to void the 2014 permit because they contain "purported factual determinations that will become conclusive and unassailable" if the case is dismissed. We do not agree.

Malaga points to no legal basis to conclude that contested factual matters related to the 2014 permit would become unassailable should Malaga's writ challenging the 2014 permit be dismissed as moot. Further, there are no known and current actions seeking to enforce the expired 2014 permit which could theoretically be affected by such a ruling. Moreover, even if there were, Malaga identifies no reason why similar challenges to the truth or reliability of the evidence allegedly contained in the 2014 permit documents could not be raised in those, or subsequently initiated, proceedings. In this court's review, it has identified no basis by which to conclude the case is not moot because Malaga contests the factual nature of certain documents in the current administrative record. Malaga's theoretical claim that underlying facts will be conclusively determined appears unsupported in the law and thus fails to support an assertion this case is ripe for review.

Malaga's second argument is that it remains subject to potential citizen suits filed under title 33 United States Code section 1365 asserting violations of the 2014 permit until at least 2025, and thus its writ petition remains ripe. In response, the Water Quality

6.

Board cites to *Gwaltney v. Chesapeake Bay Foundation* (1987) 484 U.S. 49, 52 (*Gwaltney*) for the premise that citizen suits cannot be filed to remedy "wholly past violations," precluding future suits now that the 2014 permit has expired. Malaga replies that this asserted premise is, in fact, false and that it constitutes a mere pleading requirement.

We agree with the Water Quality Board. In *Gwaltney*, the Supreme Court sought to decide "whether § 505(a) of the Clean Water Act, also known as the Federal Water Pollution Control Act, 33 U.S.C. § 1365(a), confers federal jurisdiction over citizen suits for wholly past violations." (*Gwaltney*, *supra*, 484 U.S. at p. 52.) In this jurisdictional analysis, the Supreme Court concluded "that § 505 does not permit citizen suits for wholly past violations" but noted that "§ 505 confers jurisdiction over citizen suits when the citizen-plaintiffs make a good-faith allegation of continuous or intermittent violation." (*Id*. at p. 64.) Malaga's argument that this analysis merely created a pleading standard is fundamentally opposed to the court's analysis under a jurisdictional standard.

Moreover, Malaga's argument is not supported by the cases Malaga cites, such as *California Sportfishing Protection Alliance v. The Shiloh Group, LLC* (N.D. Cal. 2017) 268 F.Supp.3d 1029 (*California Sportfishing*). In *California Sportfishing*, the district court affirmed the holding in *Gwaltney* "that wholly past violations are not actionable through citizen suits under the [Clean Water Act]," and that ceasing a violation before suit would moot a case. (*California Sportfishing*, at p. 1042.) The court noted, however, that a defendant alleging they have ceased violating the law bears a heavy burden to prove mootness so that violators cannot hide conduct through regularly ceasing ongoing conduct. (*Ibid*.) Thus, in *California Sportfishing*, the case could not be dismissed where disputed factual claims surrounded a contention that the defendant had ceased its illegal conduct one day before suit was filed. (*Id*. at pp. 1042–1043.) At no point, however, does that case, nor any of the others cited by Malaga, suggest that the jurisdictional

7.

requirement of continuous or intermittent violations had been reduced to a mere pleading formality.

In the present case, the expiration of the 2014 permit and implementation of a different set of permissions in the 2020 permit, which concludes that federal law does not govern the relevant discharges, means that no continuous or intermittent violation likely exists. As such, we agree with the Water Quality Board and the trial court that citizen claims under the Clean Water Act (33 U.S.C. § 1251 et seq.) based on a failure to comply with the 2014 permit have been mooted by the expiration of the 2014 permit and implementation of the 2020 permit. Finally, even if such a suit were possible, Malaga would still face a ripeness issue. The prospect of an uncertain future lawsuit does not generally give rise to a ripe controversy. (See *Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1582–1586.) Malaga has failed to raise any argument that its perceived openness to a citizen suit supports a ripe conflict in this matter, and this court sees no indication that such a prospective claim renders this case fit for immediate judicial review or subjects Malaga to hardship if such a review is delayed.

Upon review of the record and arguments presented, this court sees no basis by which a court can grant Malaga effective relief on its request for an injunction against implementation of the expired 2014 permit or for its request that the 2008 permit apply, given that Malaga's conduct is now controlled by the 2020 permit. "Courts regularly find cases nonjusticiable when injunctive relief is sought but, pending appeal, the act sought to be enjoined has been performed. [Citation.] In *Giles*, for instance, the plaintiffs sued to enjoin as illegal a county's expenditure of public funds to hire private contractors to provide services under a state welfare program. Because those contracts had expired and were fully performed pending appeal, the appeal was dismissed as moot. ([*Giles v. Horn* (2002) 100 Cal.App.4th 206,] 227–228; see also *Daily Journal Corp. v. County of Los Angeles* (2009) 172 Cal.App.4th 1550, 1557 [case moot where challenged contract had expired, a new bidding process took place, and court could not award the contract to

disappointed bidder]; *Jennings v. Strathmore Public etc. Dist.* (1951) 102 Cal.App.2d 548, 549 [appeal, in action to enjoin and declare invalid a public utility district contract after the contract had been awarded and work was fully completed, was moot].)" (*Shaw v. Los Angeles Unified School District* (2023) 95 Cal.App.5th 740, 772–773, first & second bracketed insertions added.)

Accordingly, we conclude this case is moot.

Having concluded the case is moot, we next consider the proper disposition. Malaga objects to the fact the trial court denied its writ petition rather than dismissing the action. According to Malaga, the trial court's additional discussion of merits-based issues raises potential issue preclusion concerns and is not in line with standard practice in moot cases. The Water Quality Board contends the court could deny the petition rather than dismiss the petition, but that any error in format was harmless regardless. Both positions assume this court can or should resolve issues with the trial court's order.

"Ordinarily, of course, when a case becomes moot pending an appellate decision 'the court will not proceed to a formal judgment, but will dismiss the appeal.' " (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 134.) Appellate courts will occasionally make an exception to this automatic dismissal. "Because dismissal of an appeal for mootness operates as an affirmance of the underlying judgment or order [citation], such dismissals may ' "ha[ve] the undesirable result of insulating erroneous or arbitrary rulings from review." ' " (*In re D.P.*, *supra*, 14 Cal.5th at p. 285, first bracketed insertion added.)

In this case, Malaga claims such a risk exists because the trial court discussed matters relating to the underlying merits in a section following its determination that the case is moot. We do not agree. The trial court's order makes clear that it based its decision on the fact the case is moot. On such a finding, there is no reasonable basis to conclude that the trial court's additional discussion constituted a decision on the merits which could be subject to principles of issue or claim preclusion. (See *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824 ["Claim preclusion arises if a second suit

9.

involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit."].)

Similarly, "where, as here, an appellate court disposes of an appeal solely on a procedural or technical ground that does not reach the merits of the underlying controversy, such as mootness, the judgment does not have preclusive effect in subsequent litigation." (*Parkford Owners for a Better Community v. Windeshausen* (2022) 81 Cal.App.5th 216, 229.) As the underlying case is moot, there is no jurisdiction over the trial court action or this appeal absent an exception—none of which apply here. The proper resolution is thus to dismiss this appeal. As there is no risk of impliedly affirming an improper ruling below or entrenching a past order through claim or issue preclusion principles, we do not exercise our discretion to return the case to the trial court.[3]

## DISPOSITION

The appeal is dismissed as moot. The Water Quality Board shall be awarded its costs on appeal.

HILL, P. J.

WE CONCUR:

LEVY, J.

DETJEN, J.

---

[3] Having dismissed this appeal as moot, we do not consider any issues relating to the merits of the case—including those raised by Malaga in its briefs regarding the scope of the administrative record or the purported errors in the administrative proceedings leading to the 2014 permit.