[No. B145610. Second Dist., Div. Seven. Nov. 20, 2001.]

RAYMOND BALIKOV, Plaintiff and Appellant, v.
SOUTHERN CALIFORNIA GAS COMPANY, Defendant and
Respondent.

**COUNSEL**

Strange & Hoey, Brian R. Strange, Gretchen Carpenter; O'Neill, Lysaght & Sun and Edward A. Klein for Plaintiff and Appellant.

Horvitz & Levy, Barry R. Levy, Wendy S. Albers; Daniel G. Clement and Marline E. Howes for Defendant and Respondent.

Rockard J. Delgadillo, City Attorney, Ronald Tuller, Assistant City Attorney, and Valentin Dinu, Deputy City Attorney, for City of Los Angeles as Amicus Curiae on behalf of Defendant and Respondent.

## OPINION

**LILLIE, P. J.**—Raymond Balikov appeals from judgment entered dismissing his complaint against Southern California Gas Company (the Gas Company), following the sustaining, without leave to amend, the demurrer of the Gas Company. Balikov contends the court erred, because Public Utilities Code section 799, subdivision (a)(4), does not apply and because Los Angeles Municipal Code section 21.1.5 does not provide for imposition of a tax on the subject charges.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

On February 9, 2000, Balikov, an individual, on behalf of himself and all others similarly situated and on behalf of the general public filed a complaint for breach of contract, negligence, negligent misrepresentation, fraud, an accounting, unfair and unlawful business practices, and unjust enrichment against the Gas Company and City of Los Angeles. It was alleged, in pertinent part, to be a class action lawsuit on behalf of the general public and all persons and entities who use or have used the Gas Company as their gas provider and who have been improperly charged money by the Gas Company on the State Regulatory Fee and the CARE Fund Surcharge, which the Gas Company represented as a Los Angeles City User Tax, when in fact no such tax is authorized by the Los Angeles Municipal Code.

It was further alleged that Los Angeles Municipal Code section 21.1.5 provides that the gas user tax shall be imposed "at the rate of 10 percent of the charges made for such gas . . ." and that the code does not provide that the tax be imposed on the "State Regulatory Fee," nor does it provide that the tax be imposed on the "CARE Fund Surcharge." Nevertheless, the Gas Company imposes a charge on its Los Angeles customers, which it calls a Los Angeles City User Tax, which improperly includes a 10 percent charge on the State Regulatory Fee and the CARE Fund Surcharge, in addition to the Los Angeles City User Tax imposed on the charges made for gas. It was also alleged that the Gas Company has turned over to the City of Los Angeles the money it improperly charged its Los Angeles customers.

It was additionally alleged that on or about January 26, 1999, the Gas Company improperly charged Balikov $11.57 as a Los Angeles City User Tax, which amount included 10 percent of his gas charges, as well as 10 percent of the State Regulatory Fee and the CARE Fund Surcharge. The complaint sought, inter alia, an injunction requiring the Gas Company to calculate the amount charged for the Los Angeles City Gas User Tax by not including the CARE Fund Surcharge and State Regulatory Fee in the tax base used for the calculation. The complaint also sought recovery of alleged overcharges.

■ Thereafter, the Gas Company filed a demurrer to the complaint asserting, in pertinent part, that Public Utilities Code section 799, subdivision (a)(4), bars Balikov from naming the Gas Company as a defendant in this action and further that the customer charges disputed were properly included in the tax base.

The trial court struck the class action nature of the complaint in that class-action-type lawsuits seeking a refund of fees and taxes are barred unless each plaintiff has first filed an administrative refund claim with the city. Additionally, the trial court ordered that demurrer of the Gas Company be sustained without leave to amend pursuant to Public Utilities Code section 799, subdivision (a)(4), and that the Gas Company be dismissed with prejudice.

## DISCUSSION

■ " 'A demurrer tests the legal sufficiency of the complaint . . . .' [Citations.] On appeal from a dismissal after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of law. [Citations.] We give the complaint a reasonable interpretation, reading it as a whole and viewing its parts in context. [Citations.] We deem to be true all material facts properly pled. [Citation.] We must also accept as true those facts that may be implied or inferred from those expressly alleged. [Citation.] If no liability exists as a matter of law, we must affirm that part of the judgment sustaining the demurrer. [Citation.] [¶] While the decision to sustain or overrule a demurrer is a legal ruling subject to de novo review on appeal, the granting of leave to amend involves an exercise of the trial court's discretion. [Citations.] When the trial court sustains a demurrer without leave to amend, we must also consider whether the complaint might state a cause of action if a defect could reasonably be cured by amendment. If the defect can be cured, then the judgment of dismissal must be reversed to allow the plaintiff an opportunity to do so. The plaintiff bears the burden of demonstrating a

reasonable possibility to cure any defect by amendment. [Citations.] A trial court abuses its discretion if it sustains a demurrer without leave to amend when the plaintiff shows a reasonable possibility to cure any defect by amendment. [Citations.] If the plaintiff cannot show an abuse of discretion, the trial court's order sustaining the demurrer without leave to amend must be affirmed. [Citation.]" (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1500-1501 [82 Cal.Rptr.2d 368], fn. omitted.)

Los Angeles Municipal Code section 21.1.5 provides: "There is hereby imposed a tax upon every person in the City of Los Angeles using in the City gas which is delivered through mains or pipes. The tax imposed by this section shall be at the rate of 10 percent of the charges made for such gas and shall be paid by the person paying for such gas . . . ." Section 21.1.6, subdivision (a), provides: "Taxes collected from a service user which are not remitted to the Director of Finance on or before the due dates provided in this article are delinquent."

Public Utilities Code section 799, subdivision (a), provides: "With respect to all taxes enacted by any local jurisdiction, including any city . . . and imposed on the customers of public utilities or other service suppliers, which taxes have been collected by the public utilities and other service suppliers and remitted to the local jurisdiction all of the following shall apply: [¶] . . . [¶] (4) In any action seeking to enjoin collection of taxes imposed on customers of utilities or other service suppliers and collected by the utilities or other service suppliers, in any action seeking declaratory relief concerning the taxes, in any action seeking a refund of the taxes, or in any action seeking otherwise to invalidate the taxes, the sole necessary party defendant in the action shall be the local jurisdiction on whose behalf the taxes are collected and the public utility or other service supplier collecting the taxes shall not be named as a party in the action."

Appellant contends Public Utilities Code section 799, subdivision (a)(4), has no application in the instant matter. He argues that his lawsuit "affirms the validity and propriety of the gas user's tax" and seeks "to address the Gas Company's imposition and collection of fees which are not authorized by the Municipal Code." He claims the Gas Company should not be allowed to avoid liability for its wrongs because it calls the wrongful charge a tax. Appellant argues that the Legislature recognized that a utility would remain liable in situations where the utility itself was responsible for erroneously collecting a tax.

Public Utilities Code section 799 was enacted in 1996 following the legislative passage of Assembly Bill No. 3155. According to the legislative

history, the bill as amended "provides that public utilities and other service suppliers shall not be liable for collecting, validating, or refunding taxes imposed by another public entity[, g]rants rights and imposes duties for the imposition, repeal, or collection of taxes. A utility is not liable (is held harmless) to any customer for collecting taxes on behalf of a tax imposing local government and it is not responsible for investigating the validity of a tax or assisting in the refunding of an improperly imposed tax." (Assem. Bill No. 3155 (1995-1996 Reg. Sess.) as introduced Feb. 23, 1996.)

The background for the bill was the Supreme Court's decision in *Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220 [45 Cal.Rptr.2d 207, 902 P.2d 225], wherein the court declared Proposition 62, adopted by the voters on November 4, 1986, constitutional. The proposition required voter approval of all new local taxes prior to becoming effective and collectible. The bill sought to "ensure that local utility providers are not punished for the potentially illegal acts of the local agencies who imposed the taxes. . . . This bill helps protect utility suppliers by exempting them from legal actions, clarifying that they are not liable for refunding illegal tax proceeds unless compensated, and giving them adequate time to make any new adjustments to their collections."

Contrary to appellant's assertion, the demurrer to the complaint was properly sustained. The complaint alleges in essence that the city has mandated that the Gas Company collect a 10 percent gas user tax upon every person in the City of Los Angeles using gas, with certain exceptions not applicable here. Under this authority, the Gas Company has computed the tax, collected the tax and remitted the tax to the city. Regardless of how appellant characterizes his lawsuit, the instant action is one seeking to enjoin collection of taxes enacted by Los Angeles, imposed on customers of the utility, collected by the utility and remitted to the city and falls squarely within the provision that "the public utility or other service supplier collecting the taxes . . . not be named as a party in the action." (Pub. Util. Code, § 799, subd. (a)(4).)

If we were to accept appellant's argument that the instant lawsuit was not one seeking to invalidate the taxes, because the ordinance did not authorize the disputed tax, all potential plaintiff taxpayers could make the same argument, that the disputed tax was not authorized by the taxing ordinance. As the trial court noted, such an interpretation "would pretty much gut this statute."

### LEAVE TO AMEND

Plaintiff has failed to demonstrate the defect in this complaint could be cured by amendment and thus the trial court properly sustained the demurrer

to all causes of action against the Gas Company without leave to amend. (See *Lazar v. Hertz Corp.*, *supra*, 69 Cal.App.4th at p. 1501.)

DISPOSITION

The judgment is affirmed.

Johnson, J., and Boland, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.