Filed 7/22/13  Van Horst v. JP Morgan Chase Bank CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| EZIO AUGUSTO VAN HORST, et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> JP MORGAN CHASE BANK, N.A., et al., <br><br> Defendants and Respondents. | 2d Civil No. B241982 <br> (Super. Ct. No. 56-2009- <br> 00360919-CU-OR-SIM) <br> (Ventura County) |

Ezio and Vergie Van Horst appeal from the judgment entered after the trial court sustained, without leave to amend, a demurrer to their fourth amended complaint. Appellants filed this action against the beneficiary and trustee of the deed of trust securing their home loan, alleging respondents breached a contract to modify the terms of the loan. Alternatively, appellants alleged, respondents' refusal to modify the loan created a cause of action for promissory estoppel. The trial court found no "reasonable probability" appellants could amend their complaint to state a cause of action on either theory because they had not identified the terms of any executed contract and because they had previously asked the court to take judicial notice of a letter in which appellants acknowledged that respondents had not promised to renegotiate or modify the loan. Appellants now contend the trial court erred in concluding they had not alleged a cause of action for promissory estoppel, in relying on the letter and in using "reasonable

probability" rather than "reasonable possibility" as the standard for determining whether to grant leave to amend.  We affirm.

*Facts*

Appellants financed the purchase of their house in Simi Valley with a loan secured by a deed of trust on the property.  Respondents are the beneficiary and trustee of the deed of trust.  As relevant here, appellants' fourth amended complaint alleges that they filed for bankruptcy protection in August 2009.  In September 2009, appellants filed an adversarial complaint against respondents in the bankruptcy action.  Appellants allege that counsel for respondents assured them respondents would renegotiate the terms of their loan if appellants dismissed the adversarial complaint.  They did so, but the loan has still not been renegotiated and respondents are threatening to initiate a foreclosure proceeding.

In opposing respondents' demurrer to their second amended complaint, appellants requested that the trial court take judicial notice of correspondence between the parties.  One of the letters included in the request for judicial notice was written by appellant Ezio Van Horst and was sent to an attorney representing respondent Chase Home Finance LLC.  It states:  "Based on our conversation you stated to me that if I voluntarily dismiss the Adversary Complaint that you and/or attorney Chris Yoo would send me the Loan Modification documents to begin and/or to pursue negotiations of a loan modification/workout of our secured property 25 Humboldt St., Simi Valley, CA 93065 with your client Chase again.  [¶]  I understand that there is no guarantee that a loan modification will be granted that it is dependent on your client Chase to review the information provided and to accept or grant a Loan Modification/Workout.  However what assurances do I have that we will be provided the necessary time to actually try and work on a Loan Modification/Workout with your client Chase before any foreclosure sale is scheduled?"

Appellants' fourth amended complaint attempts to allege a cause of action for promissory estoppel, based on respondents' breach of a promise to renegotiate or modify the terms of the loan.  Relying on the letter quoted above, the trial court sustained

2.

respondents' demurrer to the promissory estoppel claim without leave to amend. It reasoned the letter "reflects that [appellants] knew that there was no guarantee that the loan would be worked out."

*Standard of Review*

A demurrer tests the legal sufficiency of the complaint and should be sustained if the facts alleged in the complaint fail to state a cause of action as a matter of law. (*Balikov v. Southern California Gas Co.* (2001) 94 Cal.App.4th 816, 819.) On appeal, we review de novo the trial court's order sustaining the demurrer. We assume the truth of all material facts properly pleaded, as well as facts that may reasonably be inferred or implied from those expressly alleged. We also consider any facts that have properly been the subject of judicial notice. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 5; *Yun Hee So v. Sook Ja Shin* (2013) 212 Cal.App.4th 652, 662.) We disregard any contentions, deduction or conclusion of fact or law that have been alleged in the complaint. (*People ex rel. Gallegos v. Pacific Lumber Co.* (2008) 158 Cal.App.4th 950, 957.) We also "give the complaint a reasonable interpretation, and read it in context." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

"Two separate standards are employed to review the ruling on a demurrer that has been sustained without leave to amend. (*G.L. Mezzetta, Inc. v. City of American Canyon* (2000) 78 Cal.App.4th 1087, 1091.) First, we review the complaint de novo to determine whether it alleges sufficient facts to state a cause of action. We then apply an abuse of discretion standard to determine whether there is a reasonable possibility that the complaint could be cured by amendment. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) If the complaint could be cured by amendment, 'the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [ Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]' (*First Nationwide Savings v. Perry* (1992) 11 Cal.App.4th 1657, 1662.)" (*Heritage Oaks Partners v. First American Title Ins. Co.* (2007) 155 Cal.App.4th 339, 344.)

*Discussion*

The elements of a cause of action for promissory estoppel are: "(1) a promise, (2) the promisor should reasonably expect the promise to induce action or forbearance on the part of the promisee or a third person, (3) the promise induces action or forbearance by the promisee or a third person (which we refer to as detrimental reliance), and (4) injustice can be avoided only by enforcement of the promise." (*West v. JP Morgan Chase Bank, NA* (2013) 214 Cal.App.4th 780, 803.) The doctrine does not apply " ' in the absence of a showing that a promise had been made upon which the complaining party relied to his prejudice . . . .' [Citation.] The promise must, in addition, be 'clear and unambiguous in its terms.' " (*Garcia v. World Savings, FSB* (2010) 183 Cal.App.4th 1031, 1044.)

Appellants' fourth amended complaint alleges that employees of respondents promised appellants that respondent would modify their loan if they dismissed the adversarial complaint in their bankruptcy action. Appellants allege that they dismissed their adversarial complaint in reliance on that promise. Respondents breached the promise because they have refused to modify the loan.

Contrary to these allegations, appellants' letter to respondent's counsel states that, if appellants dismissed their adversarial complaint, respondents would send them loan modification documents "to begin and/or to pursue negotiations of a loan modification/workout[.]" The letter further states that appellants "understand that there is no guarantee that a loan modification will be granted that it is dependent on your client Chase to review the information provided and to accept or grant a Loan Modification/ Workout." The trial court relied on this letter in sustaining respondents' demurrer without leave to amend, reasoning that appellants' letter "reflects that [appellants] knew that there was no guarantee that the loan would be worked out."

Appellants contend the trial court erred because the complaint could be amended to allege that respondents breached a promise to negotiate with appellants in good faith to modify their loan. But appellants' fourth amended complaint does not allege the breach of a promise to negotiate in good faith. It alleges the breach of a

4.

promise to modify a loan. Appellants' letter demonstrates that, contrary to this allegation, appellants knew the loan modification had not been promised or approved. As the trial court correctly concluded, the admission in appellants' letter prevents them from alleging a cause of action for promissory estoppel because it shows both that respondents did not make a clear promise to approve a loan modification and that appellants did not dismiss their adversarial complaint in reliance on any promise.

Appellants contend the trial court erred in taking judicial notice of the letter and in relying on it to sustain the demurrer. Any error in this regard was, of course, invited by appellants because they made the request for judicial notice themselves. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 403.) "If the appellant offers inadmissible matter in evidence, he or she cannot complaint of its admission." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 390 , p. 448.)

The trial court also correctly denied appellants leave to amend their complaint. Appellants propose to amend their complaint to allege breach of a promise to negotiate in good faith for a loan modification. That allegation, however, directly contradicts the allegations in their previous complaints that respondent promised a loan modification. California's pleading rules, while liberal, do not permit amendments that "omit harmful allegations, without explanation, from previous complaints to avoid attacks raised in demurrers or motions for summary judgment." (*Deveny v. Entropin, Inc.*(2006) 139 Cal.App.4th 408, 425.) Factual statements made in a pleading "are not merely evidence of the matter stated, but operate as 'a conclusive concession of the truth of [that] matter,' thereby 'removing it from the issues.' . . . In other words, a pleaded fact is *conclusively* deemed true as against the pleader." (*Dang v. Smith* (2010) 190 Cal.App.4th 646, 657, quoting 1 Witkin, Cal. Evidence (4th ed. 2000) Hearsay, § 97, p. 799, emphasis omitted.) Thus, a pleading may not be amended so as to contradict factual allegations made in prior pleadings. "Because the original allegation is *conclusively* deemed true, the pleader is not permitted to assert its logical opposite." (*Dang v. Smith, supra,* 190 Cal.App.4th at p. 658, emphasis omitted.)

5.

Here, appellants pleaded the existence of a promise to modify their loan. They now seek to amend the pleading to allege a promise to negotiate in good faith for a loan modification. Because that allegation would directly contradict their previous allegations, the trial court correctly denied leave to amend.

In its minute order, the trial court sated it found "no reasonable probability" appellants could amend their pleading to state a cause of action. Appellants contend the trial court erred because the proper standard is a "reasonable possibility" the defect could be cured by amendment. For the reasons stated above, however, appellants were not prejudiced by any error in this regard because their proposed amendment directly contradicts their prior pleadings.

*Conclusion*

The judgment is affirmed. Costs to respondents.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.


6.

Barbara A Lane, Judge

Superior Court County of Ventura

_____

Ezio A. Van Horst and Virgie E Van Horst, in pro per, Appellants.

S. Christopher Yoo and Marvin B. Adviento, for Respondents.