Filed 7/23/13  Torres v. Flagstone Bank CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOHN HENRY TORRES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>FLAGSTONE BANK FSB, FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B240936<br>(Super. Ct. No. 56-2011-00390821-CU-OR-SIM)<br>(Ventura County) |

John Henry Torres' house was sold at a foreclosure sale after he defaulted on a loan secured by a deed of trust on the house.  After the foreclosure, Torres (appellant) filed this lawsuit against the lender, Flagstar Bank, FSB (Flagstar), its nominee, Mortgage Electronic Registration Systems, Inc. (MERS), and other entities involved in the foreclosure process.  The trial court sustained without leave to amend respondents' demurrer to appellant's third amended complaint.  He appeals from the resulting order dismissing the action, contending he alleged facts sufficient to state causes of action for negligence, fraud and wrongful foreclosure because the foreclosure occurred without a notice of default and because the lender concealed the participation of MERS and the Federal National Mortgage Association (Fannie Mae) in the loan and deed of trust.  We affirm.

*Facts*

In March 2007, appellant and his wife executed a deed of trust in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary and nominee for the lender, Flagstar Bank, FSB (Flagstar). The deed of trust secures a promissory note for $385,000 and covers a single family home in Simi Valley (the Property). In June 2012, MERS assigned its beneficial interest under the deed of trust to Flagstar, and Flagstar assigned its interest to Fannie Mae. At the same time, PLM Lender Services, Inc. (PLM) was substituted as the trustee under the deed of trust. The assignments were recorded in June 2010 and March 2011, respectively. The substitution of trustee was recorded in January 2011.

A notice of default was recorded with respect to the property on June 22, 2010. A notice of trustee's sale was recorded on January 4, 2011. The property was sold to Fannie Mae at the trustee's sale on March 2, 2011. The trustee's deed upon sale was recorded on March 4, 2011.

Appellant filed his original complaint in February 2011. After demurrers were sustained with leave to amend, appellant filed a second amended complaint in May 2011. The pleading alleges 16 causes of action related to what appellant believes was a wrongful foreclosure. He contends among other things that Fannie Mae's participation in the loan was concealed from him, that Flagstar Bank was a servicing agent and not the lender, that MERS lacked authority to transact business in the state of California, and that the foreclosure sale occurred without a valid notice of default, and that the substitutions of trustee were invalid. These factual allegations are contradicted by the documents attached as exhibits to the complaint which include the notice of default and recorded substitutions of trustee. The trial court sustained respondents' demurrers with leave to amend. Its lengthy minute order gave a detailed description of the defects in appellant's pleading and the allegations he would need to make to withstand a subsequent demurrer.

Appellant filed his third amended complaint in November 2011, alleging causes of action for negligence, fraud and wrongful foreclosure based on the same facts alleged in his previous pleadings. Respondents once again demurred, on the ground that

the facts failed to state a cause of action on any theory. The trial court agreed and sustained the demurrer without leave to amend.

*Standard of Review*

A demurrer tests the legal sufficiency of the complaint and should be sustained if the facts alleged in the complaint fail to state a cause of action as a matter of law. (*Balikov v. Southern California Gas Co.* (2001) 94 Cal.App.4th 816, 819.) On appeal, we review de novo the trial court's order sustaining the demurrer. We assume the truth of all material facts properly pleaded, as well as facts that may reasonably be inferred or implied from those expressly alleged. We also consider any facts that have properly been the subject of judicial notice. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 5; *Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1500-1501.) We disregard any contentions, deduction or conclusion of fact or law that may have been alleged in the complaint. (*People ex rel. Gallegos v. Pacific Lumber Co.* (2008) 158 Cal.App.4th 950, 957.) In addition, " 'we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.' " (*Evans v. City of Berkeley, supra*, 38 Cal.4th at p. 5, quoting *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

We review the trial court's decision to deny leave to amend for abuse of discretion. If appellant shows a reasonable possibility that the defects in the pleading could be cured by amendment, we must reverse the trial court's order. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.)

*Discussion*

Appellant's third amended complaint attempts to allege a cause of action for negligence by pleading that respondents owed him a duty to maintain accurate loan records including a record of payments made on the loan. The loan records are not accurate because they did not disclose that "the moneys came from Fannie Mae without being disclosed and/or a ghost brokerage house on Wall St., which is not licensed to lend." The "real lender" never contacted appellant to work out a payment arrangement. "Therefore the loan was never in default[.] I was never contacted by True lender."

Appellant further alleges that discovery will show respondents foreclosed on his property "without having the legal authority and/or proper documentation to do so."

The trial court correctly sustained respondents' demurrer to this cause of action without leave to amend. Appellant has not pled any facts establishing that respondents owed him a duty of care, an essential element of a cause of action for negligence. Nor has he alleged any facts establishing that he made payments on the loan which were not properly credited. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." (*Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1096.)

Appellant next attempts to allege a cause of action for fraud. The trial court correctly sustained respondents' demurrer to the fraud claim because appellant has not pleaded this cause of action with specificity. (*Murphy v. BDO Seidman, LLP* (2003) 113 Cal.App.4th 687, 692.) Appellant has not identified the person who made the alleged misrepresentations to him, nor has he alleged when, where or how those misrepresentations were made. (*Tarmann v. State Farm Mutual Auto Ins. Co.* (1991) 2 Cal.App.4th 153, 157.) Appellant has not alleged facts showing he justifiably relied on any misrepresentation or failure to disclose. (*Cadlo v. Owens-Illinois, Inc.* (2004) 125 Cal.App.4th 513, 519.) For example, the third amended complaint contains no factual allegation explaining how the alleged failure to disclose Fannie Mae's involvement in the loan caused appellant to change his position or to do anything he otherwise would not have done. (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.App.4th 1226, 1239.)

Finally, appellant has not alleged any facts explaining how he was damaged by any of the conduct described in the complaint. He alleges that the "true" lender never sent him a notice of default and that substitutions of trustee were improperly recorded, but he does not allege that he repaid the loan or that his payments were not properly credited to his account. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272.) The third amended complaint thus fails to allege that appellant suffered any damage as a result of respondents' representations or conduct.

4.

Appellant attempts, in his third cause of action, to allege a claim for "wrongful foreclosure." The trial court properly sustained respondents' demurrer to this cause of action because appellant has not alleged that he has tendered, or can tender payment of the full amount due on the loan. Tender of full payment is an essential element of any cause of action challenging the propriety of a foreclosure. (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 526; *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109.) Because appellant has not, and apparently cannot allege that he tendered full payment of the loan, he cannot as a matter of law state a cause of action for wrongful foreclosure.

*Disposition*

The judgment of dismissal is affirmed. Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

5.

Barbara Lane, Judge

Superior Court County of Ventura

---

John Henry Torres, in pro per, Appellant.

Palmer, Lombardi & Donohue; Roland P. Reynods and Alison R. Kalinski, for Respondents.