Filed 4/7/15  Navarro v. U.S. Bank Nat. Assn. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RIGOBERTO NAVARRO et al., | B253632 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC487520) |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Barbara M. Scheper, Judge.  Affirmed.

Law Offices of Motaz M. Gerges and Motaz M. Gerges for Plaintiffs and Appellants.

K&L Gates and Kevin S. Asfour for Defendants and Respondents U.S. Bank National Association and Wells Fargo Bank, N.A.

Barrett Daffin Frappier Treder & Weiss and Edward A. Treder for Defendants and Respondents Barrett Daffin Frappier Treder & Weiss and Dana J. Seyler.

_____

This appeal is from the dismissal of a putative class action seeking "the injunction of various foreclosures and eviction proceedings that happened in California . . . based on the Defendants' routine failure to comply with statutory prerequisites to foreclosure." The dismissal follows the trial court's sustaining of a demurrer to the "First Amended Class Action Complaint" (FAC)[1] without leave to amend. We affirm.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

**Allegations of the FAC**

The FAC alleges that a class of numerous defendants, including respondents,[3] engaged in wrongful foreclosure activity in California against certain classes of borrowers, including appellants, by, inter alia, their "routine failure to comply with statutory prerequisites to foreclosure"; lack of "legal authority to enter the property and/or exercise the power of sale"; failure to first obtain "assignment of the mortgage and the power of sale"; and "unlawfully evict[ing] Plaintiffs from their resident [*sic*]." The FAC focuses on an alleged "foreclosure crisis" in California, which is a direct result of "Defendants and others" failing to comply with statutory foreclosure requirements. The FAC does not include any allegations specific to appellants, their property, their loan, or the circumstances surrounding their eviction and foreclosure.

---

[1]     Plaintiffs and appellants Rigoberto and Marcelina Navarro agreed not to pursue the class claims after filing the FAC.

[2]     Appellants' opening brief contains an attack on the integrity of the trial court. Appellants' counsel is warned that such conduct can constitute contempt of court. (See *In re Buckley* (1973) 10 Cal.3d 237, 248 ["it is the settled law of this state that an attorney commits a direct contempt when he impugns the integrity of the court by statements made in open court either orally or in writing"].)

[3]     Respondents, who were only some of the defendants below, are Wells Fargo Bank, N.A. and U.S. Bank National Association, as Trustee for Credit Suisse First Boston CFSB 2006-4 (which filed one respondents' brief) and Barrett Daffin Frappier Treder & Weiss, LLP and Dana J. Seyler (who filed their own respondents' brief).

The FAC alleges 13 causes of action for (1) wrongful foreclosure, (2) "notice void," (3) "breach of duty of good faith and reasonable diligence," (4) "injunctive relief," (5) violation of Rosenthal Fair Debt Collection Practices Act, (6) set aside of trustee's sale, (7) cancellation of trustee's deed upon sale, (8) cancellation of assignment of deed of trust, (9) breach of contract, (10) unjust enrichment, (11) violation of Business and Professions Code section 17200, (12) quiet title, and (13) slander of title.

**Demurrer and Ruling**

Respondents demurred to the FAC on several grounds. They argued that the FAC was barred by the doctrine of res judicata because the claims asserted were litigated in a prior unlawful detainer action and rejected after a court trial; the FAC was devoid of any allegations specific to appellants or respondents; eight of the 13 causes of action failed because appellants did not allege that they tendered the full outstanding debt; and the five remaining causes of action failed for independent reasons, including that appellants failed to allege any contract between themselves and respondents. Appellants filed a written opposition to the demurrer, but their counsel did not appear at the hearing. The trial court continued the matter, at which appellants' counsel sent "special appearance" counsel in his place. The court sustained the demurrer without leave to amend and dismissed the action.[4] This appeal followed.

## DISCUSSION

### I. Standard of Review

On appeal from a trial court's judgment of dismissal following an order sustaining a demurrer, we must affirm the judgment "'if any one of the several grounds of demurrer is well taken.'" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) The appellant bears the burden of demonstrating that the trial court "erroneously sustained the demurrer as a matter of law." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43–44 (*Rakestraw*); *Peterson v. Cellco Partnership* (2008) 164 Cal.App.4th 1583, 1589 (*Peterson*).)

---

[4] The FAC was dismissed against other defendants for failure to prosecute.

As to the sufficiency of a complaint, we review a judgment of dismissal de novo to determine whether the complaint contains sufficient facts to state a cause of action. (*Peterson, supra,* 164 Cal.App.4th at p. 1589; *Balikov v. Southern Cal. Gas Co.* (2001) 94 Cal.App.4th 816, 819.) But an appellant "must show that the complaint alleges facts sufficient to establish every element of each cause of action." (*Rakestraw, supra*, 81 Cal.App.4th at p. 43.) While we accept as true all properly pleaded material facts and inferences that may be drawn from such facts, we do not assume the truth of "contentions, deductions or conclusions of fact or law." (*Ibid*.) "'False allegations of fact, inconsistent with annexed documentary exhibits [citation] or contrary to facts judicially noticed [citation], may be disregarded.'" (*Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 400 (quoting, 4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 397, pp. 535–536.)

"When a demurrer is sustained without leave to amend, this court decides whether a reasonable possibility exists that amendment may cure the defect; if it can we reverse, but if not we affirm. The plaintiff bears the burden of proving there is a reasonable possibility of amendment. [Citation.] The plaintiff may make this showing for the first time on appeal. [Citations.] [¶] To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.' . . . The plaintiff must clearly and specifically set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, the plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.] Allegations must be factual and specific, not vague or conclusionary." (*Rakestraw, supra*, 81 Cal.App.4th at pp. 43–44.)

## II. Appellants Have Forfeited Their Challenge

It is well-established that "'[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of

4

reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is not an appellate court's role to construct theories or arguments that would rebut that presumption or otherwise undermine the judgment. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) Thus, although we review de novo a trial court's order sustaining a demurrer without leave to amend, our review is limited to issues which have been adequately raised and briefed. (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.) "As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error . . . ." (*Ibid*.) Issues not raised in an appellant's brief are deemed waived or abandoned. (*In re Sade C*. (1996) 13 Cal.4th 952, 994.)

The demurrer raised several grounds justifying dismissal of the FAC. Appellants' opening brief, however, does not mention, let alone discuss, any of these grounds. Instead, the opening brief discusses facts and law that are not mentioned in the FAC. The record is silent on the trial court's basis for its ruling sustaining the demurrer without leave to amend. We therefore presume that the court relied on one or more of the grounds raised in the demurrer. (See e.g., *State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610 ["because the trial court's order denying defendant's motion for relief does not state its reasons, and defendant has provided no reporter's transcript of the proceedings, we presume the trial court's rejection of [defendant's] motion was based on any rationale supported by the record"].) Because appellants failed to brief the grounds supporting the demurrer, they have forfeited their challenge to the trial court's ruling.

## III. The Demurrer Was Properly Sustained Without Leave to Amend

In any event, the demurrer to the FAC was properly sustained without leave to amend.

After the FAC was filed as a class action, appellants informed the trial court that they would not pursue their class claims and would proceed individually. But the FAC does not contain any individualized allegations relevant here. There is no description of appellants, their property, their loan, the circumstances of their eviction or foreclosure, or the specific wrongdoings by any of the demurring defendants. As respondents put it, the

5

FAC is barren of "any other facts upon which one can even discern who Appellants are and what, if any, relationship they have with any of the defendants." The only reference to a specific document (deed of trust) does not occur until the 12th cause of action for quiet title, and then is written in conclusory fashion.

We agree with respondents that even under the most lenient of pleading standards, appellants cannot sustain any, let alone 13, causes of action against respondents without distinguishing between respondents and the other named and unnamed defendants, and without pleading even the most basic underlying facts. (See *Ankeny v. Lockheed Missiles & Space Co.* (1979) 88 Cal.App.3d 531, 537 [a plaintiff must allege "the essential facts upon which a determination of the controversy depends . . . with clearness and precision so that nothing is left to surmise"]; Civ. Proc. Code, § 425.10, subd. (a)(1) [a plaintiff must provide "a statement of the facts constituting the cause of action, in ordinary and concise language"]; *Buccella v. Mayo* (1980) 102 Cal.App.3d 315, 325 [reversing entry of judgment against defendant where defendant was "mostly lumped together with the other defendants" in plaintiff's allegations].)

Appellants do not request leave to amend the FAC. Indeed, their opening brief asserts that "[a]ll of the causes of action of the First Amended Complaint are properly plead [*sic*]." While appellants' brief contains several pages of facts not found in the FAC, including a description of the property at issue, we do not construe the mere inclusion of these facts as a request for leave to amend. Even if we did, appellants have not met their burden of showing how these facts sufficiently state all required elements of each of their 13 causes of action.[5]

---

[5]     We grant respondents' request to take judicial notice.

**DISPOSITION**

The judgment of dismissal is affirmed.  Respondents are entitled to recover their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
BOREN


_____, J.
HOFFSTADT