Filed 6/21/24  Brown v. Dept. of Justice CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JAMES T. BROWN III, | C098572 |
| Plaintiff and Respondent, | (Super. Ct. No. 34-2020-00283649-CU-PN-GDS) |
| v. | |
| DEPARTMENT OF JUSTICE, | |
| Defendant and Appellant. | |

This appeal arises from a judgment of dismissal following an order sustaining a demurrer without leave to amend.  Plaintiff James T. Brown III filed a complaint alleging that criminals repeatedly hacked his family's home internet and cellular networks, causing Brown's minor children to suffer "child abuse" within the meaning of the Child Abuse and Neglect Reporting Act (the Reporting Act; Pen. Code, § 11164 et seq.).  The complaint further alleges that Brown notified defendant the Department of Justice (the Department) of the abuse, but the Department negligently failed to report it to the appropriate agencies or take any action to prevent further cyber-attacks.  The complaint

1

prays for damages against the Department for the emotional distress that Brown suffered as a witness to the abuse inflicted on his children.

The Department demurred to the complaint on the grounds it fails to allege facts sufficient to constitute a cause of action because, among other reasons, the Department is immune from liability under the Government Claims Act (the Claims Act; Gov. Code, § 810 et seq.).[1]  The trial court sustained the demurrer without leave to amend and entered judgment for the Department.

On appeal, Brown, appearing in pro. per., contends that the trial court erred in sustaining the demurrer because his complaint sufficiently alleges a claim for emotional distress arising from the Department's negligent violations of the Reporting Act.  We disagree, and therefore affirm.

BACKGROUND FACTS AND PROCEDURE

Following demurrers to his first and second amended complaints, Brown filed his third amended complaint, which is the operative complaint (the complaint).  In his complaint, Brown alleges that the Department is liable because it failed to take action to prevent ongoing cyber-attacks committed against his family and business between 2017 and 2019.  As a result of these cyber-attacks, Brown alleges that his minor children were the victims of numerous cybercrimes, including hacking and cyber harassment, which amounted to "child abuse" within the meaning of the Reporting Act.  Brown alleges that he notified the Department multiple times of the abuse and requested assistance in preventing the cyber-attacks, but the Department refused to take any action and instead referred him to local law enforcement and the Federal Bureau of Investigation (FBI).[2]

---

[1]     Undesignated section references are to the Government Code.

[2]     Brown alleges that he followed the Department's advice and reported the abuse to local law enforcement and the FBI, but nothing was done.

2

On these facts, the complaint alleges two causes of action against the Department. The first cause of action, for negligent infliction of emotional distress, alleges that the Department negligently failed to discharge its duty under the Reporting Act to "cross-report" the suspected child abuse to the appropriate agencies, thereby depriving Brown's children of their right to have the abuse investigated. The first cause of action seeks to recover damages for the severe emotional distress that Brown suffered as a result of witnessing the abuse inflicted on his children. The second cause of action alleges that the Department is vicariously liable to Brown under section 815.2, subdivision (a) for the negligence of the Department's employees in failing to report the abuse.

The Department filed a demurrer on the ground the complaint failed to plead facts sufficient to state a valid cause of action against the Department. Brown opposed the demurrer. The trial court sustained the demurrer without leave to amend and entered judgment on the order sustaining the demurrer.[3] Brown appealed.

## DISCUSSION

Brown contends the trial court erred in sustaining the demurrer to his claims. For the reasons explained below, we disagree.

A.      *Standard of Review*

The function of a demurrer is to test the legal sufficiency of the factual allegations of the complaint. (*Thornton v. California Unemployment Ins. Appeals Bd.* (2012) 204 Cal.App.4th 1403, 1411.) On appeal from a dismissal after an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it contains sufficient facts to state a cause of action under any legal theory. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) In so doing, we give the complaint a reasonable

---

[3]      Although the judgment is interlocutory, it is appealable because it completely disposes of Brown's claims against the Department. (*Ram v. OneWest Bank, FSB* (2015) 234 Cal.App.4th 1, 9; *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 437; *Millsap v. Federal Express Corp.* (1991) 227 Cal.App.3d 425, 430.)

interpretation and assume the truth of all material facts properly pleaded in the complaint. (*Balikov v. Southern Cal. Gas Co.* (2001) 94 Cal.App.4th 816, 819.)  We also must accept as true those facts that may be implied or inferred from the complaint's express allegations.  (*Ibid*.)  We do not assume the truth of contentions, deductions, or conclusions of fact or law.  (*Thornton, supra*, at p. 1411.)

When a demurrer is sustained without leave to amend, we also consider whether there is a reasonable possibility that the defect in the complaint could be cured by amendment.  (*Balikov v. Southern Cal. Gas Co., supra*, 94 Cal.App.4th at p. 819.)  It is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff demonstrates a reasonable possibility that the defect can be cured by amendment.  (*Id*., at p. 820.)

The appellant bears the burden of proving that the demurrer was sustained erroneously or that sustaining the demurrer without leave to amend was an abuse of discretion.  (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.)  To carry that burden, the appellant must present meaningful legal analysis supported by citations to authority and facts in the record.  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)  We acknowledge that plaintiff is a pro. per. litigant, but that does not excuse him from adhering to the same rules as represented litigants.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

B.    *The Reporting Act*

The Reporting Act aims to protect children by imposing mandatory reporting requirements for suspected child abuse or neglect.  (Pen. Code, § 11164, subd. (b).)  To that end, Penal Code section 11166, subdivision (a), imposes a duty on certain types of professionals, known as "mandated reporters," whose duties require contact with children on a regular basis, such as teachers, physicians, and peace officers.  (Pen. Code, § 11165.7, subd. (a); *B.H. v. County of San Bernardino* (2015) 62 Cal.4th 168, 185 (*B.H.*).)  Under Penal Code section 11166, subdivision (a), a mandated reporter must

"make a report to an agency specified in [Penal Code] Section 11165.9 whenever the mandated reporter, in [a] mandated reporter's professional capacity or within the scope of . . . employment, has knowledge of or observes a child whom the mandated reporter knows or reasonably suspects has been the victim of child abuse or neglect."[4] (Pen. Code, § 11166, subd. (a); *B.H., supra*, at p. 178.)

Penal Code section 11166, subdivision (a), requires only that mandated reporters *report* suspected child abuse or neglect. (*B.H.*, *supra*, 62 Cal.4th at p. 188.) Penal Code section 11165.9 identifies the agencies designated to receive and investigate such reports. (Pen. Code, § 11165.9.) They are: "any police department or sheriff's department, . . . county probation department, if designated by the county to receive mandated reports, or the county welfare department." (Pen. Code, §§ 11165.9, 11166, subd. (d)(3)(C), 11166.3; Cal. Code Regs., tit. 11, § 900; *Cuff v. Grossmont Union High School Dist.* (2013) 221 Cal.App.4th 582, 590; *Victor Valley Union High School Dist. v. Superior Court* (2023) 91 Cal.App.5th 1121, 1155; *B.H., supra*, at pp. 188, 191.)

Receipt of a report of suspected child abuse or neglect by one of these designated law enforcement or child welfare agencies triggers a second, mandatory reporting duty. Under Penal Code section 11166, subdivisions (j) and (k), the agency that receives the initial report of abuse must share (or "cross-report") that information with the other designated agencies so that the agencies may coordinate their investigations. (Pen. Code, §§ 11166, subds. (j) & (k), 11166.3; *B.H., supra*, 62 Cal.4th at pp. 180-185, 194-195.) For example, if a local police department receives a report of suspected child abuse or neglect, it has a duty to cross-report it to the county probation department and/or county

---

[4] Any *other* person who knows or reasonably suspects a child has been a victim of child abuse or neglect is authorized, but not required, to report it. (Pen. Code, § 11166, subd. (g).)

welfare department.**5**  (Pen. Code, § 11166, subd. (k); *B.H.*, *supra*, at pp. 178, 183.)
Likewise, if a county welfare department receives the initial report, it has a duty to cross-report it to the local law enforcement agencies.  (Pen. Code, § 11166, subd. (j); *B.H.*, *supra*, at pp. 178, 183.)

C.    *The Claims Act*

The Claims Act establishes a comprehensive statutory scheme governing the liabilities and immunities of public entities and employees.  (*Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 803.)  Section 815 establishes the basic rule that public entities are immune from tort liability except as provided by statute.  (§ 815, subd. (a); *B.H., supra*, 62 Cal.4th at p. 179.)  The practical effect of this rule is to abolish common law tort liability for public entities.  (*Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 899.)  Instead, "the ' "liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care" ' to the plaintiff.  [Citation.]"  (*San Mateo Union High School Dist. v. County of San Mateo* (2013) 213 Cal.App.4th 418, 428 (*San Mateo Union High*); *Eastburn v. Regional Fire Protection Authority* (2003) 31 Cal.4th 1175, 1183.)

The Claims Act includes specific, limited exceptions to the general rule of immunity set forth in section 815.  Two such exceptions are relevant here.

First, section 815.2 creates a "vicarious liability" exception for the tortious acts or omissions of public employees.  It provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his [or her] employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his [or her] personal

---

**5**     In most cases, such reports also must be shared with the district attorney's office.  (Pen. Code, § 11166, subds. (j) & (k).)

6

representative."**6** (§ 815.2, subd. (a).) "This '[v]icarious liability is a primary basis for liability on the part of a public entity, and flows from the responsibility of such an entity for the acts of its employees under the principle of respondeat superior.' [Citation.]" (*Lawson*, *v. Superior Court, supra*, 180 Cal.App.4th at p. 1382.)

Second, section 815.6 creates an exception for a public entity's breach of a mandatory legal duty. It provides, "[w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." (§ 815.6, subd. (a).) Section 815.6 has three discrete requirements which must be met before liability may be imposed: "(1) an enactment must impose a mandatory duty; (2) the enactment must be meant to protect against the kind of risk of injury suffered by the party asserting section 815.6 as a basis for liability; and (3) breach of the mandatory duty must be a proximate cause of the injury suffered. [Citation.]" (*San Mateo Union High, supra*, 213 Cal.App.4th at p. 428; *Guzman v. County of Monterey* (2009) 46 Cal.4th 887, 898.)

D. *Analysis*

Brown's complaint against the Department advances both direct and vicarious theories of liability. Specifically, the first cause of action alleges the Department is directly liable for the emotional distress that Brown suffered due to the Department's negligence in failing to cross-report the alleged "abuse" of his children. The second cause of action alleges the Department is vicariously liable to Brown because of the

---

**6** Unlike public *entities*, which are immune from tort liability except as provided by statute (§ 815, subd. (a)), public *employees* are generally liable for their torts except as otherwise provided by statute (§ 820, subd. (a)). (*Lawson v. Superior Court* (2010) 180 Cal.App.4th 1372, 1382.)

negligence of its employees in failing, as mandated reporters, to cross-report the abuse to proper authorities.

### 1. *The First Cause of Action*

We begin with the first cause of action, alleging that the Department is directly liable to Brown for negligent infliction of emotional distress. The Department contends the trial court properly sustained the demurrer to this cause of action because (1) public entities, like the Department, are immune from tort liability except as provided by statute, and (2) Brown has not alleged a valid statutory basis to overcome such immunity. We agree.

Here, the Department is unquestionably a public entity subject to the general rule of immunity under section 815. Therefore, to state a cause of action against the Department, Brown must specifically identify and plead a statutory basis for liability. (*Guzman*, *v. County of Monterey, supra*, 46 Cal.4th at p. 897; *Searcy v. Hemet Unified School Dist.* (1986) 177 Cal.App.3d 792, 802.) The Department cannot be held directly liable on a common law cause of action for negligent infliction of emotional distress. (*McAllister v. Los Angeles Unified School Dist.* (2013) 216 Cal.App.4th 1198, 1217-1218; see *Eastburn v. Regional Fire Protection Authority, supra*, 31 Cal.4th at p. 1183.)

Brown contends that *Ochoa v. Superior Court* (1985) 39 Cal.3d 159 (*Ochoa*) supports a contrary conclusion because, in *Ochoa*, a public entity was held liable for negligent infliction of emotional distress. Brown's reliance on *Ochoa* is misplaced. In *Ochoa*, unlike this case, the defendant's allegedly negligent conduct fell within the scope of a statute imposing liability on a public entity for unjustifiably failing to furnish medical care to a prisoner (§ 845.6). (*Ochoa, supra*, 39 Cal.3d at p. 164, fn. 4.) Thus, *Ochoa* does not undermine the established rule that governmental tort liability must spring from a statute. (*Wright v. State of California* (2004) 122 Cal.App.4th 659, 671 [concluding the state is immune from intentional infliction of emotional distress and negligence causes of action].)

Brown also suggests the Reporting Act (Pen. Code, § 11166) can furnish a statutory basis for liability. But he cannot show that the Legislature intended the Reporting Act to create a private right of action. (*Lu v. Hawaiian Gardens Casino, Inc.* (2010) 50 Cal.4th 592, 596.) Several federal courts have considered this issue and concluded that the Reporting Act does not support a private right of action. (*Myles v. W. Contra Costa Unified Sch. Dist.* (N.D.Cal., Mar. 28, 2024, No. 23-cv-01369-AGT) 2024 U.S. Dist. LEXIS 56847, *31-32; *Yates v. E. Side Union High Sch. Dist.* (N.D.Cal., Aug. 18, 2021, No. 18-cv-02966-JD) 2021 U.S. Dist. LEXIS 156310, *21; *Jamison v. Kaiser Found.* (E.D.Cal., June 18, 2024, No. 2:14-cv-1104 LKK KJN P) 2014 U.S. Dist. LEXIS 83788, *9.) While these federal decisions are not binding on us, we find them persuasive and likewise conclude that Penal Code section 11166 does not create a private right of action.

Brown also refers in passing to section 815.6 as a potential basis for liability. As noted, section 815.6 provides a basis for liability where a public entity negligently fails to discharge a mandatory duty. (§ 815.6.) When the statutory requirements are met, section 815.6 creates a private right of action against the public entity for breach of the mandatory duty. (*Haggis v. City of Los Angeles* (2000) 22 Cal.4th 490, 499-500.)

Relevant here, Penal Code section 11166, subdivision (k), imposes a mandatory duty on law enforcement agencies to cross-report "every known or reasonably suspected instance of child abuse or neglect reported to [them]."[7] (Pen. Code, § 11166, subd. (k).) Our Supreme Court has held that the failure to comply with this duty can be the basis for imposing liability under section 815.6. (*B.H., supra*, 62 Cal.4th at p. 175.)

---

[7] The complaint also alleges a violation of the mandated reporter duty under Penal Code section 11166, subdivision (a), but the Department cannot be held liable for violating that duty because public entities are not "mandated reporters" under the Reporting Act. (Pen. Code, § 11165.7, subd. (a).)

9

Nevertheless, we conclude Brown's complaint fails to allege facts sufficient to state a cause of action under section 815.6. We reach this conclusion for two reasons.

First, the Department is not a law enforcement agency subject to the mandatory cross-reporting duty. After reviewing the text of the statute, its statutory context, and relevant case law, it is clear to us that the term "a law enforcement agency," as that term is used in Penal Code section 11166, subdivision (k), does not refer to *any* law enforcement agency. Instead, it refers to a law enforcement agency that is required to receive a report of suspected child abuse or neglect from a mandated reporter or other person in accordance with Penal Code section 11166, subdivision (a) or (g). (Pen. Code, § 11166, subs. (a) & (g).) Those subdivisions explicitly require a report of suspected child abuse to be submitted to "an agency specified in [Penal Code] Section 11165.9." Penal Code section 11165.9, in turn, identifies the *local* law enforcement agencies and child welfare departments that are required to receive such reports. (Pen. Code, §§ 11165.9, 11166, subd. (d)(3)(C), 11166.3; *B.H., supra*, 62 Cal.4th at pp. 190, 194; *Cuff v. Grossmont Union High School Dist.*, *supra*, 221 Cal.App.4th at p. 590; *Planned Parenthood Affiliates v. Van De Kamp* (1986) 181 Cal.App.3d 245, 259-260.)

Because only designated local law enforcement and child welfare agencies are required to receive reports of suspected child abuse or neglect, we conclude only those agencies are subject to the mandatory cross-reporting duty. And since the Department is not one of those agencies, it is not subject to a mandatory duty to cross-report.

The second reason that the claim fails is that Brown cannot establish one of the essential elements for a cause of action under section 815.6: that the Reporting Act was meant to protect against the particular kind of injury he suffered. (*San Mateo Union High, supra*, 213 Cal.App.4th at p. 428.) "The purpose of [the Reporting Act], of which [Penal Code] section 11166, subdivision (k) is a part, is to protect children from abuse and neglect. (§ 11164, subd. (b).)" (*B.H.*, *supra*, 62 Cal.4th at p. 182.) It follows that "an injured *minor* may bring a civil action where ' "a breach of the mandated reporter's

10

duty to report child abuse" ' causes the minor's injuries. [Citations.]" (*Doe v. Lawndale Elementary School Dist.* (2021) 72 Cal.App.5th 113, 138, italics added.) But Brown's children are not parties to this lawsuit. Nor does Brown bring this action on their behalf, or have standing to do so. (Cf. Code Civ. Proc., §§ 367, 376; *Killian v. Millard* (1991) 228 Cal.App.3d 1601, 1605.) Rather, Brown brings this action to recover for the emotional distress injuries that *he* personally suffered as a "bystander" witness to the abuse allegedly inflicted on his children. We are not persuaded that such bystander injuries are " ' "one of the consequences which the [enacting body] sought to prevent through imposing the alleged mandatory duty." ' [Citation.]" (*Haggis v. City of Los Angeles, supra*, 22 Cal.4th at p. 499; see *de Villers v. County of San Diego* (2007) 156 Cal.App.4th 238, 262 [showing "some causal nexus" between the purpose of the enactment and the injury suffered is not sufficient].) Accordingly, Brown cannot establish a necessary element of a claim under section 815.6.

### 2. *The Second Cause of Action*

In his second cause of action, Brown alleges that the Department is vicariously liable under section 815.2 for the emotional distress Brown suffered as a result of the public employees' negligence in failing to report the suspected child abuse.

To the extent the second cause of action is based on a breach of the duty to "cross-report," the second cause of action fails for the same reason as the first cause of action. As we have explained, the cross-reporting duty applies only to the specified public agencies which are required to accept child abuse reports, and the Department is not one of those agencies. (See Discussion in Part D.1, *ante*.)

Nor does the complaint allege facts sufficient to support a claim for vicarious liability based on the employees' breach of their duties as "mandated reporters." (Pen. Code, §§ 11166, subd. (a), 11165.7.) Under the Reporting Act, the mandatory duty to report arises only when a mandated reporter "has knowledge of or observes a child whom the mandated reporter knows or reasonably suspects has been the victim of child abuse or

11

neglect." (Pen. Code, § 11166, subd. (a); *Doe v. Lawndale Elementary School Dist., supra*, 72 Cal.App.5th at p. 138 [reasonable suspicion is an objective standard].) The Reporting Act defines the term "child abuse or neglect" to include "physical injury or death inflicted by other than accidental means upon a child by another person, sexual abuse as defined in [Penal Code] Section 11165.1, neglect as defined in [Penal Code] Section 11165.2, the willful harming or injuring of a child or the endangering of the person or health of a child, as defined in [Penal Code] Section 11165.3, and unlawful corporal punishment or injury as defined in [Penal Code] Section 11165.4." (Pen. Code, § 11165.6.) In contrast, a report is authorized, but *not required*, where a mandated reporter reasonably suspects that a child is suffering or at a substantial risk of suffering "serious emotional damage." (Pen. Code, § 11166.05; *Dwight R. v. Christy B.* (2013) 212 Cal.App.4th 697, 708, fn. 4.)

Here, the allegations of the complaint are insufficient to establish that any of the Department employees knew of facts from which reasonable persons in like positions would have suspected "child abuse" within the meaning of the Reporting Act. As best we can discern, the only "abuse" alleged is that Brown's children were the victims of cyber-attacks on the family's home internet and cellular services, which resulted in internet outages and disruptions; computer viruses and malware; changes to settings on their personal devices; problems with a home security system; and possible exposure to coarse or offensive language while playing online games.

In our view, these factual allegations fall well short of what would be required for an objective person to reasonably suspect reportable "child abuse." (*Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 795 [to state a cause of action against a public entity, every material fact must be pleaded with particularity].)

Furthermore, the second cause of action fails to plead facts sufficient to support Brown's bystander theory of liability, which allows a person to recover damages for emotional distress caused by observing an injury negligently inflicted on another. (CACI

12

No. 1621.)  A plaintiff generally may recover as a bystander if (1) there was negligent conduct by the defendant that caused injury to the victim, (2) the plaintiff is closely related to the victim, (3) the plaintiff was present at the scene of the injury-producing event at the time it occurred and was then aware that it was causing injury to the victim and (4) as a result, the plaintiff suffered emotional distress beyond that which would be anticipated in a disinterested witness.  (*Bird v. Saenz* (2002) 28 Cal.4th 910, 915; CACI No. 1621.)  For the third requirement, the plaintiff must have a contemporaneous understanding of the causal connection between the defendant's negligent conduct and the victim's injuries.  (*Fortman v. Förvaltningsbolaget Insulan AB* (2013) 212 Cal.App.4th 830, 832, 835-836, 838-839, 845; *Bird, supra*, at pp. 918, 920-921.)

Here, Brown alleges that he "did not suspect any negligence or wrongdoing on the part of the Defendant until August of 2019."  Before that time, he had "absolutely no reason to believe that the [Department] was [a]cting in bad faith or violating California [l]aws."  Because Brown did not have a contemporaneous understanding of *the Department's role* in causing the alleged injuries to his children during the relevant time period of the cyber-attacks, he cannot state a negligent infliction of emotional distress claim under the bystander theory of recovery.

Thus, we conclude the trial court correctly sustained the demurrer to the first and second causes of action.

### 3.     *Leave to Amend*

It is Brown's burden to show that there is a reasonable possibility that the defects in his complaint can be cured by amendment.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Banis Restaurant Design*, *Inc. v. Serrano* (2005) 134 Cal.App.4th 1035, 1039.)  Brown has not even attempted to meet that burden.  He does not address the trial court's denial of leave to amend or make any attempt to demonstrate that the complaint's defects can be cured by amendment.  Thus, we conclude Brown has forfeited any argument that the trial court abused its discretion in sustaining the demurrer without

leave to amend.  (*Brown v. Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 282.)

DISPOSITION

The judgment is affirmed.  The Department shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____\s\_____,
Krause, J.

We concur:

_____\s\_____,
Earl, P. J.

_____\s\_____,
Duarte, J.