[No. B088925. Second Dist., Div. Six. Sept. 27, 1995.]

VENTURA COUNTY RAILWAY COMPANY, INC., Cross-complainant and Appellant, v.
HADLEY AUTO TRANSPORT, Cross-defendant and Respondent.

---

**COUNSEL**

England, Whitfield, Schroeder & Tredway, Robert A. McSorley and Robert D. Schwartz for Cross-complainant and Appellant.

Graves, Roberson & Bourassa and Steven L. Rice for Cross-defendant and Respondent.

## OPINION

**GILBERT, J.**—A person is injured when a train hits his truck. In an effort to mitigate its liability for damages the railway sues the injured person's employer under the Americans With Disabilities Act. (42 U.S.C. § 12101 et seq., hereinafter ADA.) Does the railway have standing? No.

## FACTS

John Romines was employed by Hadley Auto Transport. He was injured when a train operated by the Ventura County Railway Company, Inc. (the Railway) hit the truck he was driving. Romines collected workers' compensation benefits and brought a third party action against the Railway.

Hadley's workers' compensation carrier sued the Railway in subrogation. The Railway cross-complained under the ADA and claimed that Hadley unlawfully discriminated against Romines when it refused to rehire him because of his injuries. The cross-complaint prayed for damages and injunctive relief including an order requiring reinstatement of Romines to his former employment. The Railway's theory is that Romines's employment would serve to mitigate damages.

Hadley demurred on the ground that the Railway had no standing to bring the action. The trial court sustained Hadley's demurrer, and the Railway appeals the ensuing judgment. We affirm.

## DISCUSSION

■ Code of Civil Procedure section 367 provides, "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." The real party in interest is "the person possessing the right sued upon by reason of the substantive law." (*Killian* v. *Millard* (1991) 228 Cal.App.3d 1601, 1605 [279 Cal.Rptr. 877]; 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 103, p. 138.) Where the complaint states a cause of action in someone, but not the plaintiff, a demurrer will be sustained. (*Killian* v. *Millard, supra,* 228 Cal.App.3d at p. 1605.)

■ The Railway contends that Congress has given standing under the ADA to "any person" alleging discrimination on the basis of disability. It cites the enforcement section of the ADA, which allows the Act to be enforced by "any person alleging discrimination on the basis of disability in violation of any provision of this Act . . . ." (42 U.S.C. § 12117(a).)

The Railway relies on *Trafficante* v. *Metropolitan Life Ins. Co.* (1972) 409 U.S. 205 [34 L.Ed.2d 415, 93 S.Ct. 364]. There tenants of an apartment

complex sued their landlord under the Civil Rights Act of 1968. (42 U.S.C. § 3601 et seq.) Plaintiffs alleged their landlord discriminated against non-white rental applicants. They claimed their landlord deprived them of the social and economic benefits of living in racially mixed housing. The trial court held the plaintiffs were not within the class of persons entitled to sue. The Court of Appeals affirmed, construing the act as allowing complaints only by persons who are the objects of discriminatory practices.

The United States Supreme Court reversed. The Civil Rights Act of 1968 allowed a "person aggrieved" to sue. The court noted that similar language in the Civil Rights Act of 1964 had been interpreted to define standing " 'as broadly as is permitted by Article III of the Constitution' "; that is, as long as there is a case or controversy. (*Trafficante* v. *Metropolitan Life Ins. Co.*, *supra*, 409 U.S. at p. 209 [34 L.Ed.2d at p. 419].) The court stated, "With respect to suits brought under the 1968 Act, we reach the same conclusion, insofar as tenants of the same housing unit that is charged with discrimination are concerned." (*Ibid.*)

We agree with the Railway that the enforcement section of the ADA is worded at least as broadly as the clause construed in *Trafficante*. The holding in *Trafficante*, however, was limited to "tenants of the same housing unit that is charged with discrimination . . . ." The tenants alleged, among other things, the loss of benefits derived through interracial associations.

It is easy to see how Congress could have intended to give tenants as well as rental applicants substantive rights in the matter of housing discrimination. It is quite another thing to say that in enacting the ADA Congress intended to give substantive rights to tortfeasors seeking to mitigate their liability for damages. There may be nothing expressed in the enforcement section of the ADA to eliminate such a conclusion. But such a conclusion would surely lie well outside the boundaries of common sense. A statute must be construed to render it reasonable; the literal meaning of its words must give way to avoid absurd consequences. (*Kinney* v. *Vaccari* (1980) 27 Cal.3d 348, 357 [165 Cal.Rptr. 787, 612 P.2d 877].) Moreover, the disabled worker may pursue his or her own action.

In *Patee* v. *Pacific Northwest Bell Telephone Co.* (9th Cir. 1986) 803 F.2d 476, plaintiffs were male employees of defendant telephone company. They were transferred from a job category predominantly held by males to a job category predominantly held by females. Although plaintiffs' work remained the same, they were paid less in the predominantly female category. They brought an action for sex discrimination under the Civil Rights Act of 1964

(42 U.S.C. § 2000e et seq.) alleging they were paid less because the company discriminated against women.

The trial court dismissed the complaint because plaintiffs lacked standing. The appellate court affirmed. The plaintiffs were not claiming they had suffered discrimination because they were men. They therefore had no standing to assert a discrimination claim on behalf of their female co-employees. Similarly, in this case the Railway does not make a claim that Hadley discriminated against it.

The Railway nevertheless argues that standing requirements in California courts are broader than those in federal courts, and that the California standing requirements apply. (Citing *Stocks* v. *City of Irvine* (1981) 114 Cal.App.3d 520, 527-528 [170 Cal.Rptr. 724]; *Mendoza* v. *County of Tulare* (1982) 128 Cal.App.3d 403, 414 [180 Cal.Rptr. 347].) The argument is of no help. No matter how broad the standing requirements may be, Code of Civil Procedure section 367 requires that real party in interest assert its own substantive rights. The Railway has not done that here. The ADA does not apply.

The judgment is affirmed. Costs on appeal are awarded to Hadley.

Stone (S. J.), P. J., and Yegan, J., concurred.