Filed 5/29/24  Medina v. Microsoft Corp. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| ANTONIO MEDINA, | C098084 |
| Plaintiff and Appellant, | (Super. Ct. No. STK-CV-UD-2021-0011122) |
| v. | |
| MICROSOFT CORPORATION et al., | |
| Defendants and Respondents. | |

Pro per plaintiff and appellant Antonio Medina (Medina) sued defendant and respondent Microsoft Corporation (Microsoft) in a federal district court in 2014. Microsoft's attorney in that matter (attorney) filed a motion for protective order that included statements about Medina's background.  The district court repeated the statements in its order partially granting the motion.  The unredacted motion and the order have been available on websites operated by defendants and respondents Free Law Project, CaseText, Inc. (CaseText), and PacerMonitor, LLC (collectively, legal research defendants) since around 2014.

1

In 2020, Medina obtained an order from the district court sealing a portion of the motion and the order. He sued Microsoft, attorney, legal research defendants (collectively, moving defendants), and others for defamation, false advertising, and other related tort causes of action. The trial court granted moving defendants' anti-SLAPP motions (SLAPP is an acronym for strategic lawsuit against public participation).

On appeal, Medina contends: (1) the anti-SLAPP motions were moot because he amended his complaint and the trial court erred in striking the amended complaint; (2) in ruling on the anti-SLAPP motions, the trial court erred by judicially noticing the truth of hearsay statements in the district court's sealing order; (3) his causes of action did not arise from protected activity; (4) moving defendants' activities were not privileged; (5) legal research defendants did not enjoy immunity under section 230 of title 47 of the United States Code (section 230); (6) the false advertising cause of action was not subject to the anti-SLAPP statute; and (7) all his causes of action were supported by factual allegations.

We find no error and affirm. All statutory references are to the Code of Civil Procedure unless otherwise indicated.

FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Medina sued Microsoft in a federal district court. Attorney made statements about Medina in her motion for a protective order that Medina contended to be false, defamatory, and irrelevant to the lawsuit. The district court repeated those statements in its order partially granting the protective order.

Legal research defendants operate websites that allow the public to search and access documents filed in court. The unredacted motion and order (the 2014 court documents) were available on those websites and the district court's docket since around 2014.

In 2020, Medina obtained an order from the district court sealing a portion of the 2014 court documents. But the district court denied Medina's motion to strike on the

2

ground that it would not provide relief to Medina because publishers were not required to immediately withdraw the sealed material.

In 2021, Medina sued moving defendants, Google NA Inc. (Google), and others. He filed a first amended complaint in May 2022 for defamation, libel, false advertising in violation of Business and Professions Code section 17500, false light, publication of private facts, intentional misrepresentation, and intentional infliction of emotional distress, all based on the statements in the 2014 court documents. Free Law Project, CaseText, and Google demurred to the first amended complaint. Moving defendants also filed anti-SLAPP motions to strike the first amended complaint.

On November 29, 2022, the trial court sustained Google's demurrer to the first amended complaint with leave to amend only as to Google but at Medina's request continued the hearing on moving defendants' anti-SLAPP motions to February 2023. In December 2022, Medina filed a second amended complaint (the December 2022 complaint).

After the hearing on the anti-SLAPP motions, and in the wake of the December 22 complaint filing, the trial court issued a "corrected and clarifying ruling" on February 27, 2023, explaining that the time for leave to amend as against Google would not begin to run until after an order on the anti-SLAPP motions was issued. The trial court then struck the December 2022 complaint on its own motion.

On March 1, 2023, the trial court granted the anti-SLAPP motions and dismissed the first amended complaint (the operative complaint) as to moving defendants with prejudice and without leave to amend. In light of its order on their anti-SLAPP motion, the trial court further found Free Law Project and CaseText's demurrer moot.

Medina appealed the trial court's corrected and clarifying ruling and order striking the December 2022 complaint on March 3, 2023, and appealed the orders granting the anti-SLAPP motions on March 7, 2023. We dismissed Medina's March 3, 2023 appeal.

Therefore, this opinion considers only the March 7, 2023 appeal from the orders granting the anti-SLAPP motions.

On March 16, 2023, Medina filed another second amended complaint against all defendants (the March 2023 complaint). Moving defendants filed a joint special motion to strike the March 2023 complaint as procedurally improper.

DISCUSSION[1]

I

*The Amended Complaints*

As a preliminary matter, we address the legal effects of the December 2022 complaint and the March 2023 complaint.

Medina contends the anti-SLAPP motions became moot after he filed the December 2022 complaint. But "there is no express or implied right in [section] 425.16 to amend a pleading to avoid a SLAPP motion." (*Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.* (2004) 122 Cal.App.4th 1049, 1055; see *Navellier v. Sletten* (2003) 106 Cal.App.4th 763, 772 ["a plaintiff cannot use an eleventh-hour amendment to plead around a motion to strike under the anti-SLAPP statute"].) Therefore, the December 2022 complaint, filed before the hearing on the anti-SLAPP motions, did not supersede the operative complaint or render the motions moot. The trial court properly considered the anti-SLAPP motions.

To the extent Medina contends the trial court erred in striking his December 2022 complaint and in sustaining Google's demurrer with conditions, the relevant appeal has been dismissed and we do not address this contention.

---

[1] Medina's motion to seal filed January 17, 2024, is denied because the information cited in the respondents' brief is publicly available and repeated in Medina's publicly filed opening brief. (Cal. Rules of Court, rule 8.46(g) [prohibits disclosure of nonpublic material].) Accordingly, Medina's motion for sanctions filed January 17, 2024, is also denied.

Finally, Medina appears to contend we should consider the March 2023 complaint in assessing the anti-SLAPP motions on this appeal. Not so. The March 2023 complaint, filed after the trial court granted the anti-SLAPP motions and struck the operative complaint as to moving defendants, was improper and did not supersede the operative complaint. "[A] plaintiff whose complaint is stricken by a successful anti-SLAPP motion cannot try again with an amended complaint. There is no such thing as granting an anti-SLAPP motion with leave to amend." (*Dickinson v. Cosby* (2017) 17 Cal.App.5th 655, 676.) Medina erroneously believes he had leave to amend the complaint as to moving defendants when the trial court explicitly granted the anti-SLAPP motions without leave to amend. The record is clear that the leave to amend was limited to Medina's causes of action against Google. Accordingly, we need not consider Medina's contention that the trial court had discretion to grant the anti-SLAPP motions with leave to amend.

## II

### *Standing*

We begin with Medina's standing to bring the false advertising cause of action. "A lack of standing is a jurisdictional defect to an action that mandates dismissal." (*Cummings v. Stanley* (2009) 177 Cal.App.4th 493, 501.) "Lack of standing is not waived by the failure to raise it in the trial court; it may be raised at any point in the proceedings." (*Killian v. Millard* (1991) 228 Cal.App.3d 1601, 1605.) "Moreover, as the question of jurisdiction is always fundamental [citation], 'a court has inherent power to inquire into jurisdiction of its own motion, regardless of whether the question is raised by the litigants. [Citations.]' " (*In re Estevez* (2008) 165 Cal.App.4th 1445, 1458; see *Olson v. Cory* (1983) 35 Cal.3d 390, 398 ["since the question of appealability goes to our jurisdiction, we are dutybound to consider it on our own motion"].)

To establish standing under the false advertising law, a plaintiff must: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e.,

5

*caused by*, the . . . false advertising that is the gravamen of the claim." (*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 322.) The phrase "as a result of" "imposes an actual reliance requirement" on plaintiffs where an unlawful competition law action is based on a fraud theory involving false advertising. (*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 325, fn. 17, 326; see Bus. & Prof. Code, § 17200 [unfair competition includes any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by . . . Section 17500"].) This actual reliance requirement was later extended to unfair competition law actions predicated on misrepresentation and deception. (*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1363; *Kwikset*, at p. 327 [citing *Durell* in approval].)

Here, Medina's false advertising cause of action was predicated on the theories of fraud and misrepresentation. The operative complaint alleged legal research defendants "misrepresented in their advertising that documents that they offered on their websites were accurate copies of public records and the originals were available directly from the courts" when in reality they obtained the documents from third parties, altered, and selectively published these documents for their own profits. Among these documents were the 2014 court documents. As a result, legal research defendants "deprived [Medina] of his good name and reputation." But Medina's loss of good name and reputation was a result of the dissemination of the allegedly defamatory statements in the 2014 court documents. The operative complaint did not allege that Medina actually relied on legal research defendants' advertisement to his detriment. Thus, Medina lacks standing to bring a false advertising cause of action against legal research defendants. We accordingly do not address Medina's contention that the false advertising cause of action was exempted from the anti-SLAPP statute under section 425.17, subdivision (c).

## III

### *The Anti-SLAPP Motions*

"A SLAPP suit . . . seeks to chill or punish a party's exercise of constitutional rights to free speech." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055.) Section 425.16, or the anti-SLAPP statute, provides "a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights." (*Rusheen v. Cohen*, at pp. 1055-1056.) Under the anti-SLAPP statute, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

"In evaluating an anti-SLAPP motion, the trial court first determines whether the defendant has made a threshold showing that the challenged cause of action arises from protected activity." (*Rusheen v. Cohen, supra*, 37 Cal.4th at p. 1056.) Once the defendant has made the prima facie showing, "the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 396.) "In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).)

"Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute — i.e., that arises from protected speech or petitioning *and* lacks even minimal merit — is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.) "We review an order granting or denying a motion to strike under section 425.16 de novo." (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.)

7

## A.     *Protected Activity*

In deciding whether a plaintiff's claims arise from protected activity, we first " 'consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability.' [Citation.] The defendant's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009.) "[W]hatever the purported 'target' of a cause of action, if protected speech activity supplies an element of the claim, the burden shifts to the plaintiff to demonstrate a reasonable probability of prevailing on the merits." (*Musero v. Creative Artists Agency, LLC* (2021) 72 Cal.App.5th 802, 819.)

Under the anti-SLAPP statute, an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes written statements or writings made "before a . . . judicial proceeding" or "in connection with an issue under consideration or review by a . . . judicial body." (§ 425.16, subds. (e)(1) & (2).) "Under the plain language of section 425.16, subdivision (e)(1) and (2), as well as the case law interpreting those provisions, all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding . . . are per se protected as petitioning activity by the anti-SLAPP statute." (*Cabral v. Martins* (2009) 177 Cal.App.4th 471, 479-480.)

Here, the statements made by attorney in the 2014 court documents as part of her representation of Microsoft in the federal action were per se protected. The making and publication of these statements also supply at least one element in each of Medina's causes of action for defamation, libel, false light, publication of private facts, intentional misrepresentation, and intentional infliction of emotional distress because the operative complaint alleged: (1) moving defendants defamed him by maliciously publishing the statements knowing they were false; (2) legal research defendants' publication of the

8

statements were libelous; (3) moving defendants painted him in a false light by making and publishing the statements; (4) moving defendants publicly disclosed the statements containing private facts about him that would be highly offensive to a reasonable person; (5) legal research defendants misrepresented to him that they would remove the statements from their website and, in reliance on the representation, he delayed taking legal action, causing damage to his reputation and livelihood; (6) moving defendants intentionally inflicted emotional damage on him by knowingly publishing the statements.

Medina contends he does not challenge the statements in the 2014 court documents; rather, his causes of action arose from moving defendants' out of court disclosure of sealed court documents, and false statements that public records contained information about his background. This is a distinction without a difference. Regardless of how they were disclosed, the statements that Medina claims to be defamatory and caused him damage were the statements contained in the 2014 court documents.

Because Medina's tort causes of action arose from protected activity, we next decide whether Medina demonstrated a probability of prevailing on those causes of action.

B.      *Probability of Prevailing*

To establish a probability of prevailing, a plaintiff " 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' " (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821.)  But there is no probability of prevailing if the plaintiff's claims are legally barred, such as by the litigation privilege or section 230.  (See, e.g., *Digerati Holdings, LLC v. Young Money Entertainment, LLC* (2011) 194 Cal.App.4th 873, 888 ["A plaintiff cannot establish a probability of prevailing if the litigation privilege precludes the defendant's liability on the claim"]; *Barrett v. Rosenthal* (2006) 40 Cal.4th 33, 39-41 [upholding the

9

trial court's grant of anti-SLAPP motion because section 230 barred the plaintiff's claim].) We now examine the litigation privilege and section 230.

### 1. *Litigation privilege*

The litigation privilege is codified in Civil Code section 47, subdivision (b) and bars "subsequent derivative actions based on the statements of witnesses, attorneys or parties during litigation." (*Edwards v. Centex Real Estate Corp.* (1997) 53 Cal.App.4th 15, 30.) It is an absolute privilege and precludes all tort causes of action except a claim for malicious prosecution. (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360.) " 'The principal purpose of [the litigation privilege] is to afford litigants and witnesses [citation] the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions.' " (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1241.) "In order to achieve this purpose of curtailing derivative lawsuits, we have given the litigation privilege a broad interpretation." (*Ibid.*)

Here, the 2014 court documents contained statements made in the federal district court action by attorney, as part of her representation of Microsoft, for a protective order to facilitate discovery in that action. These statements are classic communications protected by the litigation privilege.

Medina contends the litigation privilege does not apply because his suit was based on attorney's disclosure of the 2014 court documents in violation of the district court's sealing order. This again is a distinction without difference. He was harmed not because of the disclosure itself, but because of what was disclosed — the statements in the 2014 court documents. Therefore, the litigation privilege bars Medina's tort causes of action derivative from attorney and Microsoft's statements made during litigation.

Having concluded the litigation privilege applies to Microsoft and attorney, we need not decide whether any other privilege also applies to them.

10

*2. Section 230*

Section 230 bars "lawsuits seeking to hold [an interactive computer] service provider liable for its exercise of a publisher's traditional editorial functions — such as deciding whether to publish, withdraw, postpone or alter content" originated from third parties. (*Zeran v. America Online, Inc.* (4th Cir. 1997) 129 F.3d 327, 330; *Barrett v. Rosenthal, supra*, 40 Cal.4th at p. 48 [following *Zeran*].) A plaintiff cannot circumvent section 230 by creative pleading. (*Kimzey v. Yelp! Inc.* (9th Cir. 2016) 836 F.3d 1263, 1266.) For example, in *Hassell v. Bird* (2018) 5 Cal.5th 522 (plur. opn.), the plaintiff obtained an order in the trial court requiring Yelp to remove certain reviews even though Yelp was not a party to the lawsuit.[2] (*Id.* at pp. 529-530.) Yelp moved to set aside and vacate the judgment on the ground that the order was barred by section 230 to the extent it required Yelp to remove postings. (*Hassell,* at pp. 530-531.) Our Supreme Court agreed with Yelp, concluding section 230 applied because "Yelp [was] being held to account for nothing more than its ongoing decision to publish the challenged reviews." (*Hassell,*. at p. 542.)

"[A]n interactive computer service provider only has immunity if it is *not* also the information content provider — that is, someone 'responsible, in whole or in part, for the creation or development' of the content at issue." (*Liapes v. Facebook, Inc.* (2023) 95 Cal.App.5th 910, 928, citing § 230(f)(3).) A website becomes an "information content provider" when it "contributes materially to the alleged illegality of the conduct." (*Fair Housing Coun., San Fernando Valley v. Roommates.Com* (9th Cir. 2008) 521 F.3d 1157, 1165-1168.) In *Roommates*, the Ninth Circuit found a website responsible for the alleged discrimination by requiring users to submit personal preferences and characteristics and

---

[2] Although *Hassell* was a plurality opinion, Justice Kruger, concurring in the judgment, agreed with the plurality's analysis of section 230. (*Hassell v. Bird, supra*, 5 Cal.5th at pp. 548, 558-559 (conc. opn. of Kruger, J.).)

designing a search system to steer users based on those preferences and characteristics. (*Ibid.*)

Here, Medina does not dispute that legal research defendants are interactive computer service providers. The operative complaint further admits "Microsoft and [attorney] are the original publishers of" the 2014 court documents. This is a binding judicial admission. (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 187.) Accordingly, section 230 bars Medina's causes of action against legal research defendants. (See *Gentry v. eBay, Inc.* (2002) 99 Cal.App.4th 816, 830 ["section 230 . . . immunizes providers of interactive computer services . . . from causes of action asserted by persons alleging harm caused by content provided by a third party"].)

We reject Medina's contention that legal research defendants fall outside section 230 because they became information content providers when they removed the redaction in the 2014 court documents and published the unredacted version. Medina ultimately contends the sealing order required legal research defendants to remove allegedly defamatory statements from the 2014 court documents, thus seeking to hold them responsible for their editorial decisions to publish those statements. (See *Hassell v. Bird, supra*, 5 Cal.5th at p. 542.) But the district court explicitly declined to require publishers to retract the 2014 court documents in its sealing order. (See *Hassell*, at p. 542 ["an order that treats an Internet intermediary 'as the publisher or speaker of any information provided by another information content provider' nevertheless falls within the parameters of section 230(c)(1)"; *Kilroy v. State of California* (2004) 119 Cal.App.4th 140, 145 [courts can take judicial notice of the truth of results reached in a court file].) Moreover, we cannot conclude that legal research defendants materially contributed to the defamatory statements simply because they selected them for publication or decided not to remove the statements. (*Jones v. Dirty World Entertainment Recordings LLC* (6th Cir. 2014) 755 F.3d 398, 415-416.) To the extent Medina contends in his statement of facts that legal research defendants improperly

12

added additional information to the court files, we disregard this argument because it is unsupported by cogent argument or legal authority and is not stated under a separate heading or subheading.  (Cal. Rules of Court, rule 8.204(a)(1)(B); *People v. Lombardo* (2020) 54 Cal.App.5th 553, 565, fn. 6; *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287 ["we may disregard conclusory arguments that are not supported by pertinent legal authority"].)

IV

*Request for Judicial Notice*

Medina contends the trial court erred in judicially noticing court filings, considering hearsay statements in documents it judicially noticed, and he challenges moving defendants' request for judicial notice accompanying their special motion to strike his March 2023 complaint.  We decline to consider the last claim because it is not properly before us.  (See *County of Los Angeles v. Glendora Redevelopment Project* (2010) 185 Cal.App.4th 817, 830 ["when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered"].)  The other claims lack merit.

In its order granting Free Law Project and CaseText's anti-SLAPP motion, the trial court also granted their request to take judicial notice of the district court's sealing order. This was proper because the sealing order was relevant to prove Medina's claim that the 2014 court documents were sealed.  (Evid. Code, §§ 452, subd. (d), 453.)

The trial court also noted in the order that Medina's declaration in support of his opposition to the anti-SLAPP motion contradicted the statements in the sealing order.  In doing so, the trial court committed no error because it did not accept the truth of any statements in the sealing order, but merely noted they were inconsistent with statements in Medina's declaration.

13

DISPOSITION

The trial court's orders granting the anti-SLAPP motions are affirmed.  Moving defendants shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


/s/
MESIWALA, J.


We concur:


/s/
ROBIE, Acting P. J.


/s/
KRAUSE, J.

14